[Civ. No. 16211. First Dist., Div. One. Apr. 11, 1955.]

FINANCIAL INDEMNITY COMPANY (a Corporation), Appellant, v. COLONIAL INSURANCE COMPANY (a Corporation), Respondent.

Theodore Tamba and Myron A. Martin for Appellant.

Low & Duryea for Respondent.

BRAY, J.—Plaintiff sued for declaratory relief to determine the rights and obligations of the parties arising from two public liability policies issued respectively by the parties to one Charles Tamagri, a trucking service operator, and particularly to recover half of the amount expended by plaintiff for attorney's fees and investigation expenses in defense of an action against the insured. Plaintiff appeals on an agreed statement of facts from the judgment denying recovery.

## QUESTIONS PRESENTED

Defendant contended that prior to the accident upon which the action against the insured was based its policy had been cancelled and avoided. As the trial court found against defendant on this defense and defendant has not appealed, we deem it unnecessary to discuss this contention.

The principal question is: Where policies of separate insurers provide for defense of the assured in case of suit, is one insurer entitled to contribution from the other insurer for expenses incurred in defense of a personal injury action brought against the assured?

## FACTS

Both parties are California insurance corporations. Each delivered to Tamagri and filed with the Public Utilities Commission a policy of public liability insurance, $10,000-$20,000 personal injury and $5,000 property damage, and provided for defense of the assured in the event of suit. Defendant's policy was first in time of issue. Tamagri, driving a vehicle covered by both policies, was involved in an accident with an auto driven by Louis A. Ortiz, in which accident both Tamagri and Ortiz were killed. Ortiz's administratrix sued Tamagri's estate for Ortiz's death. Tamagri's administrator cross-complained for Tamagri's death. After two trial's Tamagri's administrator obtained judgment for $20,000. Approximately one year and five months after the accident occurred de-

fendant was informed by the manager of plaintiff of the pending lawsuit against the assured and requested to participate therein. Defendant refused. In the defense of the litigation plaintiff incurred expenses in the sum of $5,799.76. Defendant refused to pay any portion thereof.

Plaintiff brought this action for a declaratory judgment requiring defendant to contribute to the defense of the Ortiz action and for reimbursement of half of the expenses incurred and to be incurred by plaintiff in defending that action.

## Is Defendant Liable for Contribution?

The issue of defendant's indemnity liability is immaterial. Each policy provided for defense of the assured in the event of suit. Plaintiff's policy provided for pro rata payment of a loss in the event there was other insurance. Defendant's policy provided, in case of other insurance, that it would pay only the excess of the loss over the amount of the other insurance. Attached to each policy was a "Standard Form of Endorsement Prescribed by the Public Utilities Commission of the State of California" known as "Form T & S 391" which apparently reduced the liability under each policy to $5,000 for personal injury. Most of the trial and a large portion of the briefs were devoted to the question of whether under the policies and the endorsement defendant's liability in the event Ortiz had recovered damages against Tamagri would not have accrued until plaintiff had paid the full face value of its policy as limited by the rider, $5,000 or when it had paid only $2,500. The trial court found that the insured's policy with plaintiff constituted "other insurance" and that defendant's policy was excess over and above the limits of plaintiff's policy and not pro rata insurance. Plaintiff attacks this finding. However, we fail to understand how this question is relevant or important to the real issues in this case. Tamagri won the personal injury action, so neither insurer was called upon to pay any amount of indemnity. Ortiz sued Tamagri for $100,680.58. Until the action was fully tried and judgment rendered, neither insurer would know what its indemnity liability was. Obviously the amount sued for was in excess of the total liability of both insurers under any theory. Each party was required by its own policy to defend Tamagri in that suit.*

---

*The policies required defending in the name and on behalf of the assured any suit brought against the assured to enforce a claim, if groundless or not.

Assuming that defendant's indemnity liability did not attach until plaintiff had paid out the full value of its policy, defendant, had it been called upon by Tamagri to defend, could not have refused to do so until a judgment was obtained in the Ortiz action in excess of $5,000. Under its policy, Tamagri had the right to require defendant, on demand, to defend even though plaintiff was also required to defend, and even though later no recovery was had by Ortiz (as was the fact). or even though a recovery was had by Ortiz of a sum less in amount than plaintiff's liability under any theory. Therefore we have a situation where defendant, obligated to defend Tamagri regardless of the ultimate outcome of that litigation, did not do so, and is now being asked for contribution of the costs of that defense, not by the assured, but by plaintiff, who was also required to defend Tamagri. There being no contract between plaintiff and defendant, does the law provide for contribution?

■ The assured at no time requested defendant to defend. The court found that the fact that the assured did not report the accident to defendant as required by the terms of the policy did not make the policy void nor release defendant from the obligations of its policy. This finding does not constitute a holding that, in order to charge defendant with the expense of the assured's defense, a request by the assured for defense was not necessary. It is merely a finding that the assured's actions did not avoid the policy. (See Ins. Code, § 554, and *Gibson* v. *Colonial Ins. Co.*, 92 Cal.App.2d 33 [206 P.2d 387], as to waiver.) Assuming that plaintiff's request to defendant to join in the defense of the Ortiz action constituted a request by the assured, nevertheless we know of no requirement of contribution between the insurance companies involved. ■ Here, the duty to defend was an absolute one by each insurer and is severable and independent of the undertaking for payment of damages. (See 3 Richards on Insurance, 5th ed., § 421, p. 1390.) Plaintiff was obliged to defend the assured whether defendant did or did not. Defendant was likewise obligated to defend the assured. whether plaintiff did or did not.

Plaintiff contends that as to the obligation to defend the two insurance companies were cosureties and not coinsurers, and that therefore the rule set forth in *Fidelity & Cas. Co.* v. *Fireman's Fund Indem. Co.*, 38 Cal.App.2d 1, 5 [100 P.2d 364], should apply. It was there held as to indemnity that where two insurance companies fully insure the same risk

and one company pays the total loss, that company may force contribution from the other, but that if both policies contain a pro rata or coinsurer clause, the insurers are deemed to be coinsurers and not cosureties and neither can recover from the other any amount it may have paid in excess of its pro rata share of the entire loss. While the fact that here both companies in their policies agreed to defend the assured bears some analogy to the situation where both companies have agreed to indemnify the assured against the total loss, nevertheless the agreement to defend is not only completely independent of and severable from the indemnity provisions of the policy, but is completely different. Indemnity contemplates merely the payment of money. The agreement to defend contemplates the rendering of services. The insurer must investigate, and conduct the defense, and may, if it deems it expedient, negotiate and make a settlement of the suit. These matters each insurer is required to do regardless of what the other insurer is doing. While both may join together in the services and share expenses, there is no requirement that they do so. Conceivably, one might disagree with the other as to the strategy of the investigation and defense. It could act independently of the other. Thus the relationship is more that of coinsurer than cosurety. As to the assured, neither one is excused to any extent from its full duty to defend, no matter what the other does. The duty to defend is personal to the particular insurer. It is not entitled to divide that duty with or require contribution from the other.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), concurred.