**GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION Ltd.,**
a corporation, Appellant,

v.

**CONTINENTAL CASUALTY COMPANY, a corporation, Appellee.**

No. 16863.

United States Court of Appeals
Ninth Circuit.

Feb. 27, 1961.

Kenneth E. Roberts, Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for appellant.

William C. Ralston, Phillips, Ralston & Poole, David Sandeberg, Portland, Or., for appellee.

Before CHAMBERS, HAMLEY and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge.

Continental Casualty Company, having paid sums and incurred expenses in settling a liability claim against its insured, Brooks-Scanlon, Inc., brought this action against General Accident Fire & Life Assurance Corporation, Ltd. Continental sought full reimbursement as subrogee of Brooks-Scanlon's alleged rights under a policy issued by General to The Austin Company. In the alternative, Continental sought pro rata reimbursement according to the bodily injury limits of their respective policies. Jurisdiction in the district court rests on diversity of citizenship.

Judgment was entered for Continental in the sum of $23,416.10. This represents an eight-thirteenths pro rata reimbursement of $30,000 paid in settlement of the claim, a like reimbursement of $1,444.56 incurred for attorneys' fees and other expenses in settling the claim, and $3,500 as attorneys' fees for prosecuting the instant action. General appeals. Continental has not cross-appealed but has requested this court to allow an additional $3,000 as attorneys' fees on this appeal.

The facts are not in dispute. On March 27, 1956, Continental issued a policy of liability insurance to Brooks-Scanlon, Inc. This company was engaged in the logging and lumbering business in Bend, Oregon. The policy had bodily injury limits of $250,000 and $1,000,000, and contained an "other insurance" provision.[1] Brooks-Scanlon thereafter en-

---

1. The "other insurance" provision of the Continental policy reads:

"10. Other Insurance. If at the time of an accident or occurrence there is any other insurance available to the insured (in this or any other carrier) there shall be no insurance afforded hereunder as respects such accident or occurrence except that if the applicable limit of liability of this policy is in excess of the applicable limit provided by the other insurance available to the insured this policy shall afford excess insurance over and above such other insurance in an amount sufficient to afford the insured a combined limit of liability equal to the applicable limit of liability afforded by this policy. It is further provided that with respect to loss arising out of the operation, maintenance or use of any nonowned automobile the applicable insurance afforded by this policy shall be excess over and above such other available insurance. Insurance under this policy shall not be construed to be concurrent or contributing with any other insurance which is available to the insured."

tered into a contract with The Austin Company for the construction of a building by Austin on land owned by Brooks-Scanlon. In connection with this contract Austin obtained liability insurance from General with bodily injury limits of $400,000 and $1,000,000. This policy also contained an "other insurance" provision quoted in the margin.[2]

On January 30, 1958, Robert D. Fullerton, an employee of Austin, was engaged in construction work on the building being erected for Brooks-Scanlon. While so engaged he was struck by a crane being used by Brooks-Scanlon in its lumbering business. Fullerton fell from his position and sustained fatal injuries. Mrs. Fullerton filed an action against Brooks-Scanlon for damages in the sum of $175,000. Brooks-Scanlon tendered the defense of this action to Continental. Continental in turn tendered the defense to General and demanded that the latter accept coverage. General rejected this tender and declined to accept coverage. Continental then negotiated a compromise settlement with Mrs. Fullerton for the sum of $30,000 and in so doing incurred attorneys' fees and expenses in the sum of $2,347.39. Continental then instituted this suit against General.

■ Appellant argues first that, as to this accident, Brooks-Scanlon was not covered by the liability policy appellant had issued to Austin.

Brooks-Scanlon is not a named insured under that policy. If it is covered thereunder it is by virtue of the "additional interest" endorsement of that policy.[3] Under that endorsement a company is covered as an additional interest if it is an owner or lessee of real estate property for whom Austin performs operations under contract. Appellant concedes that Brooks-Scanlon falls in this category.

But the endorsement also restricts the coverage afforded additional interests under the policy "to the operations of The Austin Company and its subcontractors." Appellant contends that this particular accident was not caused by the "operations" of Austin or its subcontractors, but by those of Brooks-Scanlon while engaged in its lumbering business. Appellant thus reads the restrictive provision of the endorsement as limiting Brooks-Scanlon's coverage to accidents caused by the acts of Austin or its subcontractors.

Appellee on the other hand argues that under the restrictive provision the question of whether the accident was caused by Austin or one of its subcontractors is irrelevant. According to appellee the effect of that provision is only to limit Brooks-Scanlon's coverage to accidents which would not have occurred but for the fact that Austin or one of its subcontractors was engaged in construction work for Brooks-Scanlon on the latter's property. This was such an accident, since Fullerton would not have been struck by the Brooks-Scanlon crane had he not been engaged in the building operations as an employee of Austin.

In support of its view that the restrictive provision excludes from additional-interest coverage accidents not caused by Austin or one of its subcontractors, appellant cites Chrysler Motors of Califor-

2. "If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

3. The "additional interest" endorsement of the General policy reads:
"It is agreed that such insurance as is afforded by the policy under Division A and B of the Insuring Agreements shall also apply to each interest named herein, as an insured; but such inclusion of additional interest or interests shall not operate to increase the limits of the company's liability.
\* \* \* \* \*
"All owners, or lessees, of real estate property for whom The Austin Company performs operations under contract.
"It is further agreed that the insurance protecting the additional interests is restricted to the operations of The Austin Company and its subcontractors."

nia v. Royal Indemnity Co., 76 Cal.App. 2d 785, 174 P.2d 318, 321. The pertinent policy provision involved in that case covered bodily injuries sustained by accident "by reason of and during the progress of the work * * *."

As the court there indicated, the words "by reason of" expressly made coverage dependent upon a showing that acts performed in furtherance of the work caused the accident. In Michigan Stamping Co. v. Michigan Employers' Casualty Co., 235 Mich. 4, 209 N.W. 104, also cited by appellant, coverage was similarly restricted.

In our case the restrictive provision does not contain language which either expressly or by implication injects a causation factor. Neither the words "by reason of" nor any other words having a similar connotation appear in the provision. Hence the result contended for by appellant can be reached only by reading the words "restricted to the operations of" as if they meant "restricted to *accidents caused by* the operations of." We see no justification for reading such meaning into the restrictive provision, and we are of the opinion that appellee's interpretation of that provision is correct.

■ Appellant contends that in any event appellee is not entitled to recover attorneys' fees and costs incurred in the defense of the Fullerton action. As noted above, an award of $1,444.56 was made to reimburse appellee for eight-thirteenths of these expenses.

Both policies contain similar defense provisions. When the Fullerton action was begun the defendant, Brooks-Scanlon, tendered the defense to Continental alone. Although Continental sought to have General assume the defense, the latter declined to do so. Continental then proceeded with the defense. Under these circumstances, appellant argues, Continental is not entitled to contribution from General for the expenses incurred in negotiating a settlement.

It has been held that under California law where one of two insurers defends an action against one insured by both, the respective "other insurance" provisions of the two policies are irrelevant, and contribution towards the expense of the defense cannot be enforced. Financial Indemnity Co. v. Colonial Ins. Co., 132 Cal.App.2d 207, 281 P.2d 883. A like result was reached in United States Fidelity & Guaranty Co. v. Church, D.C. N.D.Cal., 107 F.Supp. 633.[4]

The rule to be applied in Oregon was dealt with in Oregon Auto. Ins. Co. v. United States Fidelity & Guaranty Co., 9 Cir., 195 F.2d 958, 960. It was there held that where two policies carry like "other insurance" provisions, they are to be held mutually repugnant and hence are to be disregarded. Thus the rule applicable where neither policy has an "other insurance" provision is to be applied, and the loss is to be prorated between the insurers in proportion to the amount of insurance provided by their respective policies. The court held that "the proration is to be applied in respect both of damages and of the expense of defending the suits."

The reasoning in Oregon Auto. Ins. Co. has been quoted with approval by the Oregon Supreme Court. In Lamb-Weston, Inc. v. Oregon Automobile Ins. Co., 219 Or. 110, 341 P.2d 110, 119, that court held that when one policy uses a clause which comes in conflict with the "other insurance" clause of another insurer, "regardless of the nature of the clause, they are in fact repugnant and each should be rejected in toto." Petition for rehearing was denied in Lamb-Weston; the Oregon Supreme Court, however, modified its earlier opinion to reflect the conclusion expressed as to proration in the Oregon Auto. Ins. Co. case, although the latter case was not cited. 346 P.2d 643. See

---

4. This decision was affirmed sub nom. Canadian Indemnity Co. v. United States Fidelity & Guaranty Co., 9 Cir., 213 F. 2d 658, but without discussion of this particular issue. See also American Fidelity & Casualty Co. v. Pennsylvania Threshermen & Farmers' Mutual Cas. Ins. Co., 5 Cir., 280 F.2d 453, involving Georgia law.

also Travelers Insurance Co. v. Peerless Insurance Co., 9 Cir., 287 F.2d 742.

In neither of these Oregon decisions did the court deal specifically with the question of contribution as to the expenses of defending a damage suit. Yet the reasoning of the court in its opinion on rehearing strongly points in the direction of proration as to suit expenses as well as of damages paid. In that opinion the Oregon Supreme Court modified its earlier opinion to provide that damages shall be prorated according to the applicable limits of the respective policies rather than by equally dividing the loss. This conclusion was premised on considerations of equity, it being determined that the most equitable division would be in proportion to the benefits each insurer had received from his respective contract.

The premiums which each had received, which the court assumed to be roughly related to the applicable policy limits, were intended to compensate not only for the damage risk assumed but also for the expense of defeating or minimizing damage claims. It follows that if a comparison of policy limits is an equitable basis for prorating damage liability, it provides like justification for a similar proration of suit expenses. The indications are that in Oregon these equitable considerations outweigh the somewhat technical considerations which have led to a different result in the cited cases involving the law of other states.

We therefore hold that the district court did not err in prorating attorneys' fees and other expenses incurred in defending against and negotiating a settlement in the Fullerton action.

■ As stated above, the district court not only awarded Continental a judgment for eight-thirteenths of the $30,000 Fullerton settlement and eight-thirteenths of the attorneys' fees and other expenses incurred in defending that suit, but also awarded Continental attorneys' fees in the amount of $3,500 for the prosecution of the instant action against General. Appellant contends that the district court was without authority to make the latter award.

In awarding $3,500 attorneys' fees in the instant action the district court apparently relied on ORS 736.325.[5]

In our view this statute has no application in this suit. ORS 736.325 contemplates the filing of a proof of loss as a condition precedent to recovery of attorneys' fees. Title & Trust Co. v. United States Fidelity & Guaranty Co., 138 Or. 467, 483, 502, 1 P.2d 1100, 1105, reversal upheld on rehearing, 7 P.2d 805, 812. The liability policy issued by General, under which Continental brought this action, makes no provision for the filing of a proof of loss as a condition precedent to an action on the policy, whether brought by the insured or his subrogee.

If we should assume, however, that ORS 736.325 is not limited to cases in which the policy provides for the filing of a proof of loss, we are in any event of the view that the statute was not intended to cover actions brought by one insurance company as subrogee of rights against another insurer. That section, referring as it does to the failure to make "settlement," appears to contemplate a controversy directly between an insured

5. ORS 736.325: "(1) If settlement is not made within six months from the date proof of loss is filed with an insurance company or fraternal benefit society and a suit or action is brought in any court of this state upon any policy of insurance of any kind or nature, including a policy or certificate issued by a fraternal benefit society as defined in ORS 740.010, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such suit or action, then the plaintiff, in addition to the amount that he may recover, shall be allowed and shall recover as part of his judgment such sum as the court or jury may adjudge to be reasonable as attorney's fees.

"(2) If attorney fees are allowed as herein provided and on appeal to the Supreme Court by the defendant the judgment is affirmed, the Supreme Court shall allow to the respondent such additional sum as the court shall adjudge reasonable as attorney fees of the respondent on such appeal."

and his insurer. We doubt that the legislature was concerned with the ability of an insurance company, suing as a subrogee, to recover attorneys' fees.

We conclude that the district court erred in awarding attorneys' fees to appellee for the prosecution of the action below. This conclusion necessitates rejection of appellee's request for a further award of attorneys' fees on this appeal.

The judgment is modified by striking therefrom the award of $3,500 as attorneys' fees and is in all other respects affirmed. Each party will bear its respective costs incurred on this appeal.