The **TRAVELERS INDEMNITY COMPANY, a corporation, Plaintiff,**

v.

**ATLANTIC NATIONAL INSURANCE COMPANY, a corporation, and Allstate Insurance Company, a corporation, Defendants.**

Civ. No. 63-165.

United States District Court
D. Oregon.
Feb. 19, 1964.

Edwin J. Peterson, of Tooze, Powers, Kerr, Tooze & Morrell, Portland, Or., for plaintiff.

Walter J. Cosgrave, of Maguire, Shield, Morrison, Bailey & Kester, Portland, Or., for defendant Atlantic Nat. Ins. Co.

Richard S. Borst of Koerner, Young, McColloch & Dezendorf, Portland, Or., for defendant Allstate Ins. Co.

KILKENNY, District Judge.

Here for decision is the question of the relative rights and liabilities of plaintiff and defendant insurance companies, in connection with the payment by Travelers of a judgment and the settlement of certain claims growing out of an automobile accident.

### STATEMENT

The Hertz Corporation, insured by Atlantic, rented an automobile to Betty Vogel in April, 1961. The rental agreement named Vogel and her employer, International Latex Corporation, as the renter. With a minimum of delay, Vogel involved herself in a collision with another automobile, as a result of which claims were asserted against her and her employer International. Vogel was insured by defendant, Allstate. International by plaintiff, Travelers.

One of the injured persons commenced an action for damages against International and Vogel. Travelers gave timely notice of the commencement of the action to both Atlantic and Allstate and at the same time tendered to each the

complete defense of the case. Atlantic took the position that its coverage was nothing more than "excess" and "rejected" the defense of the case. Allstate remained silent. Both Allstate and Atlantic were advised, from time to time, of the progress of the case. The litigation, defended by Travelers, resulted in a judgment in favor of the plaintiff for $15,440.10. After the judgment, one of the other personal injury cases was settled for $1,049.55. Also settled were property damage claims for $100.00 and medical expenses for $34.25. Including attorney fees and costs paid for defense, the total disbursed by Travelers in payment of the judgment and settlement of the claims was $18,142.16.

The principal issues, as stated by the plaintiff, are:

I. Whether the total loss, including costs and attorney fees, should be prorated among the three insurers, or whether Atlantic should bear the entire loss for failure to defend the cause.

II. Whether recovery should be limited to the sum of $9,500.00, the amount for which the claims could have been settled before trial. This is a contention advanced by Atlantic only.

III. Whether attorney fees, in the prosecution of this cause, should be allowed to Travelers and Allstate.

## I.

■ The "other insurance" provision of the Travelers Policy,[1] Atlantic Policy,[2] and Allstate Policy[3] are set forth in the footnotes.

An analysis of the provisions of the policies, and of the other facts in the case, leads me to the conclusion that my award in this case must be controlled by the expressions of the Oregon Supreme Court in Lamb-Weston, Inc., et al. v. Oregon Auto Insurance Co., 219 Or. 110, 341 P.2d 110, 346 P.2d 643, 76 A.L.R.2d 485 (1959); Cimarron Insurance Co. v. Travelers Insurance Co., 224 Or. 57, 355 P.2d 742 (1960), and the Ninth Circuit case of Oregon Automobile Insurance Co. v. United States Fidelity & Guaranty Co., 195 F.2d 958 (9 Cir. 1952), and that, in conformity with the requirements of such decisions, the loss should be pro-rated in proportion to the applicable limits of liability as set forth in the respective policies.

Allstate Insurance Company v. Atlantic National Insurance Co., 202 F.Supp. 85 (S.D.W.Va.1962) is almost identical with this case. A third company known as the Factory Mutual was in essentially the same position as Travelers in this case. The District Court, in requiring the three insurers to pro-rate the loss, relied principally on the Ninth Circuit case of Oregon Automobile Insurance Co. v. United States Fidelity & Guaranty Co., supra, and Athey v. Netherlands Insurance Co., 200 Cal.App.2d 10, 19 Cal. Rptr. 89 (1962), which case is very closely related to the cause before me.

While it is true that Atlantic refused to individually defend the case, there is

1. *"Other Insurance.* If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance."

2. *"Other Insurance.* The insurance under this policy shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under another policy or otherwise."

3. "Allstate shall not be liable under this Part 1 for a greater proportion of any loss than the applicable limit of liability stated on the Supplement Page bears to the total applicable limit of liability of all collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or a non-owned automobile shall be excess insurance over any other collectible insurance."

nothing in the record which would indicate that it would not, if a partial defense had been tendered, have participated in the defense. Atlantic, in my opinion, was under no greater duty to accept the entire defense, than would be either one of the others. It was obligated for its proportionate share of the defense. Consequently, plaintiff's claim that Atlantic is liable for the entire judgment and the settlements with costs is unsound. I so find on this record.

## II.

■ Atlantic's claim that the case should have been settled, for $9,500.00, is not supported by the record. For that matter, the record is undisputed that Atlantic refused to participate in any of the negotiations. It's refusal to participate in the defense of the case relieved Travelers of the obligation to consult on the proposed settlement and justified Travelers in assuming the entire defense of the action. Jarvis v. Indemnity Insurance Company, etc., 227 Or. 508, 511, 363 P.2d 740 (1961); Jaloff v. United Auto Indemnity Exchange, 120 Or. 381, 250 P. 717 (1928); Warecki v. United States F. & G. Co., 270 Mass. 233, 170 N.E. 49 (1930). Furthermore, the refusal to participate in the case binds Atlantic for the amount of the judgment. Jarvis v. Indemnity Insurance Company etc., supra; Jaloff v. United Auto Indemnity Exchange, supra. In any event, neither the validity of the judgment, nor the reasonableness of the amount of the settlements or sums paid for attorney fees and expenses in defense, is disputed by either Atlantic or Allstate, and on the record, I find that all such amounts were reasonable and that Travelers was justified in refusing the settlement offer of $9,500.00.

Objection is made to the inclusion of Traveler's attorney fees, in the defense of the main cause, in the total sum to be pro-rated. Atlantic has conceded, on the basis of the decisions in Oregon Automobile Insurance Co. v. United States F. & G. Co., supra, and General Accident Fire and Life Assurance Corp. v. Continental Casualty Co., 287 F.2d 464 (9 Cir. 1961), that costs and attorney fees are proper items to be included in the total sum to be pro-rated. On the facts in this case I agree and so hold.

In connection with the problem on the apportionment of the costs and attorney fees of the original case, Allstate argues that since it could not, under the terms of its policy, accept the defense of the case for both International and Vogel, it could not legally defend said defendants in the then pending litigation. The fact that an insurer, such as Allstate, afforded protection to only one of the co-defendants is of no importance. Each defendant, in this case, was responsible for the same tortious act. International would have no liability beyond that of Vogel. Be that as it may, Allstate could have offered to participate in the defense to the extent of paying its pro-rata share of the costs and attorney fees. This it did not do. Since it did not offer to stand its share of the costs and other expenses, it has no room for complaint on a requirement that it pay its proportionate share of such costs and expenses in the original cause.

## III.

■ Both Travelers and Allstate claim costs and attorney fees against Atlantic in connection with the prosecution of this cause. It is charged that this litigation was entirely unnecessary and that if Atlantic had assumed its pro-rata share of the sum paid by Travelers, the costs and attorney fees involved in this proceeding would not be incurred. I find such to be the fact, but believe the Ninth Circuit decision in General Accident Fire and Life Assurance Corp. v. Continental Casualty Company, supra, prohibits an award of attorney fees in the pending proceeding.

On the other hand, I find that Atlantic should have offered to pro-rate and pay its share of the loss prior to the institution of this action. For that reason, the costs of Travelers and Allstate, incurred in this action, will be awarded against Atlantic.

The limits of the insurance policies before me would indicate that the total loss should be pro-rated on the basis of Atlantic paying 6/7ths of the total, Travelers 2/7ths of the total and Allstate 1/7th thereof. A slight variation might be appropriate on the small settlement for property damage.

Although other contentions are made by the respective parties, that are incidental to the principal questions presented, I find against those contentions in all respects where they would be in conflict with the views herein expressed.

This Opinion shall serve as my findings and conclusions. Counsel for Travelers shall prepare, serve and present an appropriate judgment in conformity herewith.