The FIDELITY & CASUALTY COMPANY OF NEW YORK, a corporation, Plaintiff in Error,

v.

OHIO CASUALTY INSURANCE COMPANY, a corporation, Defendant in Error.

No. 42874.

Supreme Court of Oklahoma.

March 23, 1971.

Rhodes, Hieronymus, Holloway & Wilson, Wm. H. Wilson, Oklahoma City, for plaintiff in error.

Clayton B. Pierce, Oklahoma City, Pierce, Duncan, Couch & Hendrickson, Oklahoma City, of counsel, for defendant in error.

DAVISON, Vice Chief Justice.

Fidelity & Casualty Company (Fidelity), plaintiff below, appeals from a judgment denying it any recovery against Ohio Casualty Insurance Company (Ohio), defendant below, for attorney fees and expenses paid by Fidelity in defending a lawsuit filed by one J. R. Clark against Allen & Wilson Construction Company and two of its employees.

The present action arose out of the following stipulated facts: Fidelity was the insurer of Allen & Wilson, who was the prime contractor to build a courthouse at Holdenville, Oklahoma. Ohio was the insurer of National Redi-Mix Concrete Company, which sub-contractor to furnish concrete for construction of the courthouse. In the course of such construction National Redi-Mix was pouring concrete from its ready-mix concrete truck into a form of wheelbarrow which was then wheeled along an elevated runway by two employees of Allen & Wilson and emptied into forms to create a wall of the structure. While engaged in this work the wheelbarrow struck J. R. Clark, knocking him from the runway.

Clark filed suit against Allen & Wilson and the two employees to recover damages for his injuries. Fidelity (insurer of Allen & Wilson) made demand on Ohio (insurer of National Redi-Mix) to defend the action on the theory that the injuries to Clark were inflicted in the course of "unloading" the truck and consequently the "loading and unloading" provision of Ohio's policy covered the circumstances of Clark's injuries. Ohio refused to defend the action. Fidelity did defend the action and the jury exonerated the defendants by returning a verdict in their favor.

Fidelity then instituted the present action to recover from Ohio the sum of $7,538.95, representing attorney fees and expenses paid by Fidelity in its successful defense of the damage suit. The trial judge held against Fidelity and in favor of Ohio.

It is our conclusion that of the several propositions advanced by the parties there is only one proposition of law that requires disposition of this appeal adverse to Fidelity. In making such disposition we will assume that Fidelity is correct in its contention that the circumstances and law obligated Ohio to defend the Clark lawsuit.

The Fidelity policy contained the following provision relative to defense of lawsuits:

"II. Defense, Settlement, Supplementary Payments

"With respect to such insurance as is afforded by this policy, the company shall:

(a) Defend any suit against the insured alleging such injury, sickness, disease, or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent, but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient; * * *

(b) (2) pay all expenses incurred by the company; * * *"

and the amounts so incurred, except settlements of claims and suits, are payable by the company in addition to the applicable limit of liability of this policy."

Ohio's policy contains practically the identical provision.

■ In United States Fidelity & Guar. Co. v. Tri-State Insurance Co. (10 Cir. 1960), 285 F.2d 579, a similar situation was presented to that court. There, the circumstances were such that Kerr Glass Company was the insured under the terms of the policy of both U.S.F. & G. and Tri-State. The provisions in both policies was like that quoted above in the instant case. Kerr had been sued in a state court action and Tri-State refused to defend, and U.S. F. & G. undertook to defend in behalf of Kerr. The eventual outcome of the state court action was that Kerr was exonerated of any liability. U.S.F. & G. then sued Tri-State in Federal Court to recover the reasonable cost, including attorney's fees, of the defense made by U.S.F. & G. The decision stated that Tri-State did breach its obligation with Kerr to defend, but that no contractual relationship existed between Tri-State and U.S.F. & G. The court then said, relative to defending Kerr, as follows:

"* * * The agreement to furnish such service, several with the two companies, is distinct from and in addition to the insuring agreement pertaining to liability. The question here thus narrows to whether contribution will lie between two insurance companies when each has a policy containing a defense agreement. The question has been answered in the negative, and we believe properly so, in a number of cases. The duty to defend is *personal* to each insurer. The obligation is several and the carrier is not entitled to divide the duty nor require contribution from another *absent a specific contractual right*. Financial Indemnity Co. v. Colonial Ins. Co., 132 Cal.App.2d 207, 281 P.2d 883; Continental Casualty Co. v. Curtis Publishing Co., 3 Cir., 94 F.2d 710; * * *." (Emphasis supplied.)

See also Thurston National Insurance Co. v. Zurich Insurance Co., 296 F.Supp. 619, 622 (W.D.Okl.1969).

■ It is our conclusion, absent a specific contractual right, that Fidelity had no right to contribution from Ohio for expenses incurred by Fidelity in defending the Clark lawsuit.

Affirmed.

BERRY, C. J., and WILLIAMS, BLACKBIRD, JACKSON, IRWIN, LAVENDER and McINERNEY, JJ., concur.