**AETNA CASUALTY AND SURETY COMPANY,**

v.

**OCEAN ACCIDENT & GUARANTEE CORPORATION, Ltd., Appellant.**

No. 16400.

United States Court of Appeals Third Circuit.

Argued April 21, 1967.

Decided Nov. 30, 1967.

As Amended Dec. 1, 1967.

James F. Manley, Burns, Manley & Little, Pittsburgh, Pa., for appellant.

Frederick N. Egler, Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for appellee.

Before SMITH and FREEDMAN, Circuit Judges and WORTENDYKE, District Judge.

## OPINION OF THE COURT

### PER CURIAM.

In this action between two insurance companies the plaintiff seeks partial reimbursement from an alleged coinsurer for amounts paid to satisfy a judgment entered against plaintiff's insured. The District Court found in plaintiff's favor. We agree with the reasoning of Judge Marsh below that "the accident occurred in the course of operations performed for the named insured (Latrobe) by the independent contractor (Dill)," and that the hazard involved was covered by the policy issued by plaintiff's coinsurer (Ocean). 261 F.Supp. 223, 226 (W.D. Pa.1966).

Latrobe Brewing Company (Latrobe) contracted with Dill Construction Company, Inc. (Dill) to remove and replace an ammonia system used by Latrobe as the brewery's cooling plant. According to a stipulation by counsel the ammonia system included: "pipes of various sizes, condensers in shape of tanks for collecting the ammonia gas, and valves which performed varied functions in the system and ammonia gas in the pipes." An employee of Dill was fatally injured during the removal of the old system due solely to the negligence of Latrobe. In an action by the employee's estate against Latrobe, defended by Aetna Casualty and Surety Company (Aetna), a judgment was entered against Latrobe and satisfied by Aetna. There is no question concerning Aetna's obligation to Latrobe.

Latrobe, however, was also the named insured in a policy issued by Ocean Accident & Guarantee Corporation, Ltd. (Ocean). Aetna seeks reimbursement from Ocean. The question for decision is whether the Ocean policy extends coverage to the accident which occurred. Ocean has not questioned Aetna's standing to pursue this litigation as the equitable subrogee of Latrobe.

The pertinent language of the Ocean policy provides:

> [Ocean agrees] [t]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and *arising out of the hazards hereinafter defined.* (Emphasis supplied.)

#### Definition of Hazards

DIVISION 3—INDEPENDENT CONTRACTORS Operations performed for the named insured by independent contractors and general supervision thereof by the named insured, if the accident occurs in the course of such operations, other than (a) maintenance and repairs at premises owned by or rented to the named insured and (b) *structural alterations* at such premises which do not involve changing the size of or moving buildings or other structures. (Emphasis supplied.)

Two questions arise. (1) Did Latrobe's liability arise out of an accident occurring in the course of operations performed for Latrobe by an independent contractor? (2) Was the operation a structural alteration; if so, did it involve changing the size or moving a building or other structure? There is no argument that the work performed by Dill constituted maintenance or repair.

Ocean initially contends that since the accident was caused solely by Latrobe's negligence that it did not arise out of operations performed by an independent contractor (Dill) for the named insured (Latrobe). We agree with Ocean's argument that Aetna cannot now contest Latrobe's legal responsibility for the accident. We do not agree that this precludes Aetna from arguing that the accident arose out of Dill's operation. The

two arguments are not mutually exclusive.

 The policy language "arising out of" is very broad and vague. It must, therefore, "be construed strictly against the insurer and liberally in favor of the insured." Manufacturers Cas. Ins. Co. v. Goodville Mut. Cas. Co., 403 Pa. 603, 170 A.2d 571, 573 (Pa.1961). Construed in this manner " 'arising out of' means causally connected with, not proximately caused by. 'But for' causation, i. e., a cause and result relationship, is enough to satisfy this provision of the policy." Ibid. Although the accident in the instant case was not caused by Dill's negligence it did occur while Dill's employee was performing work for Latrobe. But for Dill's operations, the accident would not have occurred and Latrobe would have incurred no liability for breaching a duty owed to the employee of an independent contractor. It is not inconsistent to say that the accident arose out of operations performed for Dill by Latrobe because of Latrobe's negligence. Aetna is not attempting to relitigate the question of Latrobe's legal responsibility for the accident.

Having decided that this accident arose out of operations performed for the insured by an independent contractor we must decide whether the operations involved structural alterations. With one exception insurance coverage is excluded for accidents arising from structural alterations.

As with the language "arising out of," the phrase "structural alterations" is indefinite and equivocal. The policy affords no guidelines to disclosure of meaning of the words. Without attempting to give an all-inclusive definition of the term, it is our judgment that the replacement of a cooling system, although perhaps a major undertaking, is not a structural alteration within the accepted meaning of that term. "A structural alteration of a building or its equipment is one which affects some portion thereof in a vital and substantial manner, and changes its characteristic appearance. It denotes a change or substitution in a substantial particular." Hardware Mut. Cas. Co. v. Hilderbrandt, 119 F.2d 291, 300 (10th Cir. 1941).

In the context of the instant case a structural alteration would involve some substantial change in the characteristic appearance of the building itself, and not in the equipment within the building. Having concluded that there was no structural alteration we need not be concerned with the exception to the exclusion of coverage for structural alterations.

The judgment of the District Court will be affirmed.

Judge Smith did not participate in the decision of this case because of illness.