## MANSEL E. LAW *v.* HAWAIIAN LIFE INSURANCE CO., LTD., A HAWAIIAN CORPORATION, AND ROBERT PANNABECKER.

## No. 4843.

SEPTEMBER 17, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, KOBAYASHI, JJ., AND CIRCUIT JUDGE FUKUOKA IN PLACE OF LEVINSON, J., DISQUALIFIED.

OPINION OF THE COURT BY KOBAYASHI, J.

Plaintiff is the widow of Robert M. Law and the beneficiary named in his application for a $10,000 life insur-

ance. On December 16, 1965, Mr. Law applied to defendant Hawaiian Life Insurance Co., Ltd. (herein called the Insurance Co.), for the policy through Robert Pannabecker, an agent of the Insurance Co. Mr. Law paid defendant the first monthly premium of $49.90. A conditional receipt was issued to him by Mr. Pannabecker.

On December 22, 1965, Mr. Law successfully completed his medical examination as required under the application for insurance and the conditional receipt. However, Mr. Law died on February 8, 1966, before any insurance policy was issued and delivered to him.

The Insurance Co., after processing Mr. Law's application, determined on January 27, 1966, that his application be classified at a substandard rate. The substandard rate was $53.97 monthly.

The Insurance Co., on February 8, 1966, prepared a policy of life insurance upon the life of Mr. Law in the face amount applied for but at the substandard rate.

The Insurance Co. failed to communicate its determination of the substandard rating to Mr. Law during his lifetime.

The Insurance Co. refused to pay to plaintiff the proceeds of the life insurance.

Judgment below was for plaintiff.

## I.

The issue is simply whether a binding insurance contract existed at the time of applicant's decease.

Appellant, the Insurance Co., insists that it had 60 days from the date of the application to accept, with or without modifications, Mr. Law's application. The appellant cites Part 1, paragraph 18[c], of the application as determinative of the issue, to-wit:

The Company shall have sixty days from the date

hereof within which to consider and act upon this application and if within such period a policy has not been received by the Owner or if notice of approval or rejection has not been given, then this application shall be deemed to have been declined by the Company, unless the insurance applied for in this application shall have become effective under the provisions of the conditional receipt attached hereto.

The appellant insists that applicant's death prior to the expiration of the 60 days precluded any acceptance of the application for insurance by the Insurance Co.

The appellee contends that the deceased applicant fully met the conditions required by the appellant, itself, as provided in the conditional receipt and the application for insurance.

In the opinion of this court, the deceased applicant, prior to his death, did perform as required by the appellant.

The application for insurance states in Part 1, paragraph 18[b]:

The insurance applied for in this application, *unless effective under the terms of the conditional receipt attached hereto,* shall not be in force until a policy shall have been issued by the Company and said policy manually received and accepted by the Owner and the full first premium paid to and voluntarily accepted by the Company, all during the lifetime, good health, and freedom from injury of the Proposed Insured. (Emphasis added)

The relevant and determinative clauses of the conditional receipt provide:

FIRST—If a full first premium in accordance with the published rates of the Company for the form of policy applied for, and in accordance with the mode of premium payment designated, has been paid on the

date of Part 1 of this application and declaration of such payment is made therein, the insurance, subject to the terms and conditions of the policy contract applied for and in use by the Company at this date, *shall take effect on the latest of the following dates:* (1) Date of Part 1 of the application, (2) Date of Part 2 of the application (declarations made in lieu of medical examination), or *completion* of Part 2 medical examination(s) if required or requested, . . . *Provided that:* . . . (2) On said effective date the Proposed Insured is a risk acceptable in the judgment of the Company under its rules, limits and standards for the plan and amount applied for *at the rate of premium paid* with the application. . . . (Emphasis added)

In the opinion of this court the pertinent provisions in both the application for insurance and the conditional receipt are clear and not ambiguous. We summarize the status of the parties:

1. On December 16, 1965, Mr. Law offered to purchase from the Insurance Co. a policy on his life for the sum of $10,000 at a monthly premium of $49.90. Mr. Law paid the $49.90.

2. The Insurance Co. accepted Mr. Law's offer, subject however to the condition precedent that Mr. Law successfully complete a medical examination. This condition was fulfilled on December 22, 1965, and the insurance contract became effective on said date.

Notwithstanding the fulfillment of such condition, the Insurance Co. argues that the proviso in the conditional receipt nullifies any conclusion that an effective insurance contract was consummated because Mr. Law was not a "risk acceptable in the judgment of the Company under its rules, limits, and standards for the plan and amount applied for *at the rate of the premium paid with the application.*" (Emphasis added)

We cannot agree. Even if we accepted the Insurance Co.'s contention that the pertinent provisions in the application and conditional receipt are ambiguous, we would still hold that Mr. Law was effectively insured. This application was written by the Insurance Co. to be read by persons

> utterly unacquainted with the niceties of life insurance. . . . It is the understanding of such persons that counts. . . . [T]he ordinary applicant who has paid his first premium and has successfully passed his physical examination, would not by the remotest chance understand the clause as leaving him uncovered until the insurer at its leisure approved the risk; he would assume that he was getting immediate coverage for his money. . . . A man must indeed read what he signs, and he is charged, if he does not; but insurers who seek to impose upon words of common speech an esoteric significance intelligible only to their craft, must bear the burden of any resulting confusion.

*Gaunt* v. *John Hancock Mut. Life Ins. Co.,* 160 F.2d 599, 601-602 (2d Cir.) *cert. denied,* 331 U.S. 849 (1947).

The insurer must be held responsible for achieving certainty and clarity in the field of insurance.

The judgment is affirmed.

*Andrew S. Hartnett* (*Daral G. Conklin* of counsel) for plaintiff-appellee, cross-appellant.

*C. A. Gregory* (*Smith, Wild, Beebe & Cades* of counsel) for defendants-appellants, cross-appellees.