ROBERT RETHERFORD *v.* LEONARD KAMA AND SEA LIFE INCORPORATED, DOING BUSINESS AS SEA LIFE PARK *v.* CONSOLIDATED MUTUAL INSURANCE COMPANY.

No. 4895.

JUNE 10, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

On September 14, 1964, defendant Sea Life Incorporated, doing business as Sea Life Park (hereinafter called Sea Life), hired plaintiff Robert Retherford as an independent contractor to photograph underwater formations in the vicinity of Rabbit Island. Defendant Leonard Kama, an employee of Sea Life (hereinafter called Kama), with the approval of Sea Life operated Sea Life's boat to transport plaintiff to the reefs off Rabbit Island. Upon the direction of plaintiff, Kama towed plaintiff on a line in and near the waters surrounding Rabbit Island. In the course of said towing plaintiff was injured allegedly because of the negligence of Kama.

Plaintiff sued Sea Life and Kama. Thereafter Sea Life filed a third-party complaint against its insurance carrier, Consolidated Mutual Insurance Company (hereinafter called Consolidated), claiming that Consolidated should defend and pay any judgment and/or settlement to plaintiff as a result of an insurance policy issued by Consolidated to Sea Life.

Both Sea Life and Consolidated filed motions for summary judgment. The trial court denied Sea Life's motion but granted Consolidated judgment on its motion.

Sea Life then settled with the plaintiff and the plaintiff's complaint was dismissed with prejudice. Thereafter Sea Life appealed to this court. A correct decision of the case depends upon a proper construction of the words in the coverage clause, including an exclusion of the policy.

The pertinent parts of Sea Life's contract with Consolidated are:

"COVERAGE B—BODILY INJURY LIABILITY—
EXCEPT AUTOMOBILE

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, *sus-*

*tained* by *any person* and caused by accident. (Emphasis added)

\* \* \* \* \*

"This policy does not apply:

\* \* \* \* \*

"(d) Under coverage B \* \* \*, *except with respect to operations performed by* independent contractors \* \* \*, to the ownership, maintenance, operation, use, loading or unloading of (1) watercraft if the accident occurs away from premises owned by, rented to or controlled by the named insured, \* \* \*." (Emphasis added)

It is undisputed that plaintiff, an independent contractor, while performing his work was injured by insured's employee during their joint use of Sea Life's watercraft away from premises of the insured and that Sea Life has become obligated to pay plaintiff's damages.

Consolidated argues in its brief that "Since this policy deals with liability incurred by the insured, the only common sense and ordinary meaning to the words 'except with respect to operations performed by independent contractors' in the context of Exclusion D must mean except with respect to liability incurred by the named insured with respect to operations performed by independent contractors. Third-party defendant [Consolidated] contends that the liability must arise with respect to operations *performed by* the independent contractor and not with the liability incurred *to* an indepndent contractor. \* \* \*"

Thus, the issue is whether liability policy coverage for bodily injury "sustained by *any person*" "*with respect to operations performed by* independent contractors," can be read only in the light advocated by Consolidated and fails to include injury negligently inflicted on the independent contractor by the insured employer, even though the inde-

pendent contractor was in the midst of performing his duties.

The express language of the contract fails to except the independent contractor as among the covered injured. Coverage B states "* * * injury * * * sustained *by any person* * * *." The apparent intent of the policy appears to be that liability Coverage B applies to "any person". The basic question is: How restrictive a meaning are we to give to the clause *"with respect to"* operations performed by independent contractors?

Both Sea Life and Consolidated express the opinion that there are no cases available which interpret the exact insurance provision involved in this case. Though the exact prepositional phrase "with respect to", as far as we can determine, has never been construed in connection with the clause "operations performed by independent contractor", the majority of the courts in interpreting almost indistinguishable liability coverages have held that the only requisite for coverage is that the accident occur during performance of work by the independent contractor. The causative factor between work done by the independent contractor and the injured is clearly rejected. And no weight is given to the fact that an independent contractor is personally injured or that an independent contractor's employee is injured or that an independent contractor's sub-contractor is injured or that a stranger to the parties is injured by the independent contractor. *Standard Oil* v. *Fidelity & Casualty Co. of N.Y.*, 66 F. Supp. 603 (W.D. Ky. 1946), *aff'd* 162 F.2d 715 (6th Cir. 1947); *Duke Power Company* v. *Indemnity Insurance Company*, 128 F. Supp. 262, *rev'd* 229 F.2d 588 (4th Cir. 1956); *U.S. Fidelity & G. Co.* v. *Nat'l Pav. & Co.*, 228 Md. 40, 178 A.2d 872 (1962); *Ocean Accident & Guarantee Corp.* v. *Northern Texas Traction Co.*, 224 S.W. 212 (Tex. Civ. App. 1920); *Aetna Casualty and Surety Co.* v. *Ocean*

*Accident & Guarantee Corp.*, 386 F.2d 413 (3d Cir. 1967); *Continental Cas. Co.* v. *General Acc. F. & L. Assur. Corp.*, 175 F. Supp. 713 (1959), *aff'd* 287 F.2d 464 (9th Cir. 1961).

A detailed discussion of *Standard Oil, supra,* is appropriate. It involved insurance providing:

"To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages * * * because of bodily injury *sustained by any person * * * caused by accident * * * and arising from the work * * * performed* for the insured *by independent contractors* * * *." (Emphasis added)

The material facts in *Standard Oil, supra,* are practically the same as in the instant case. Standard Oil Co., the insured, hired an independent contractor. An employee of the independent contractor was injured negligently by an employee of the insured. The respective employees were not doing related work.

The insurance company in *Standard Oil, supra,* argued that if the work done by the independent contractor was the proximate cause of its employee's injury, then his injury was caused by and was one "arising from the work".

The court, however, held

"* * * the language used in the coverage clause of the policy is not susceptible to that narrow construction * * *.

*      *      *      *      *

"* * * that no more is necessary than that the work subject the employee of the independent contractor to a peril which comes from the fact that he is required to be in the place where it strikes when it does so."

We fail to see any distinction in substance between the phrase "arising from" of *Standard Oil, supra,* and our phrase "with respect to". Neither do we see any such dis-

tinction in the phrase "arising out of" of *Duke Power,
supra,* or "restricted to" of *Continental Cas. Co., supra,*
with the phrase "with respect to". In those cases and
others cited heretofore, the courts have consistently (1)
rejected the causative factor; (2) refused to adopt the
limited, narrow construction advocated by the insurance
company; and (3) ruled in favor of coverage because of
the existing ambiguity.

On the other hand there are two cases that can be read
as supporting Consolidated's contention. In both *Chrysler
Motors of California* v. *Royal Indemnity Co.,* 76 Cal. App.
2d 785, 174 P.2d 318 (1946), and *Michigan Stamping Co.*
v. *Michigan Employers' Casualty Co.,* 235 Mich. 4, 209
N.W. 104 (1926), the courts narrowly construed the words
"by reason of" expressly made coverage dependent upon
a showing that acts performed (by independent contrac-
tors) in furtherance of the work caused the accident.

Our statute clearly requires that the purpose of the
parties must be determined from the language of the policy
as a whole and that the contract of insurance must be con-
strued as to give effect to the intention of the parties.[1]
Following said requirement we see no justification in Con-
solidated's contention that the words "with respect to"
can only be read to mean, in essence, "with respect to acci-
dents and injuries caused by independent contractors in
the operations performed by independent contractors."
The exception proviso in Exclusion D does not contain
language which either expressly or by implication injects
a causation factor.

We are of the opinion that *Standard Oil, supra,* and
other similarly held cases enunciate the correct construc-
tion of the pertinent provision. If the intent of the parties
were as clearly restrictive as contended by Consolidated,
we would not now be faced with the problem of resolving

---

[1] HRS § 431-446.

the proper construction of the liability coverage. To say the least, we are of the opinion that the Coverage B with its exclusion and exception to the exclusion is ambiguously phrased. We hold Consolidated responsible for the ambiguity and resolve the question of coverage herein in favor of Sea Life.[2] As stated in *Standard Oil, supra,* the work being done herein by plaintiff, the independent contractor, subjected him to a peril which came from the fact that he was required to be in the place where the peril struck. The perils encountered by plaintiff were incident to and "with respect to operations performed by independent contractors" and plaintiff certainly comes within the meaning of "any person".

Sea Life, on its motion for summary judgment is entitled to judgment in its favor as a matter of law. Judgment of the trial court is reversed. Remanded for the entry of a judgment in conformity with this opinion.

*Alexander Marrack (Robertson, Castle & Anthony* of counsel) for defendant, third-party plaintiff-appellant.

*Joseph Schneider (Jenks, Kidwell, Goodsill & Anderson* of counsel) for defendant, third-party defendant-appellee.

_____

DISSENTING OPINION OF LEVINSON, J., WITH WHOM MARUMOTO, J., JOINS

I dissent.

The question involved in this case is not whether Sea Life Park and its negligent employee are liable to the plaintiff but whether their liability is covered by a particular insurance policy.

The words of the insurance contract are clear in ex-

_____

[2] Masaki v. Columbia Casualty Co., 48 Haw. 136, 395 P.2d 927 (1964); Law v. Hawaiian Life Insurance Co., 51 Haw. 288, 459 P.2d 195 (1969).

cluding any liability on the part of the insurer owing to accidents arising out of "the ownership, maintenance, operation, use, loading or unloading of (1) watercraft if the accident occurs away from premises owned by, rented to or controlled by the named insured. . . ." It is conceded that the accident occurred at sea away from the insured's premises. Therefore, there is no coverage "except with respect to operations performed *by* independent contractors." (Emphasis added.) In the present case an employee of the insured was at the helm of the watercraft towing the independent contractor. The actual operation was being performed *by* the employee and it was the independent contractor who was injured, not a third party. For those reasons I would deny the insured recovery under this insurance contract.

While I would agree that "[t]he insurer must be held responsible for achieving certainty and clarity in the field of insurance," *Law* v. *Hawaiian Life Insurance Co.,* 51 Haw. 288, 292, 459 P.2d 195, 198 (1969), I do not think that we should stretch the language of an insurance contract beyond the limits of common sense and general understanding to grant recovery under an insurance policy that clearly does not cover the risk to the independent contractor himself. In order to determine if there is any ambiguity to be construed against the insurer, the test to be used in reading the words of an insurance contract is what a reasonably prudent person applying for insurance would have understood the words to mean. *General Casualty Co. of America* v. *Azteca Films, Inc.,* 278 F.2d 161, 167 (9th cir. 1960). In searching for an ambiguity we must do so through the eyes of this reasonable man, not as lawyers schooled in techniques of microscopic verbal analysis. At bottom the question involved in the present case is whether there is some reasonable basis for doubt in the language of the exception to the exclusion in the contract. If there

were any doubt, the insured should win. If there is no such reasonable doubt, the insurer must prevail.

I find no reasonable basis for doubt in reading this insurance contract. It appears clear to me that the insured, Sea Life Park, was covered for operations performed by an independent contractor which would injure parties other than the independent contractor. In certain situations the liability producing acts of an independent contractor can be imputed to the principal on the basis of *respondant superior,* thus making the principal liable. Restatement (Second) of Agency §§ 214, 250, 251 (1958). Where it is the independent contractor who is injured, his injury does not involve any vicarious liability on the part of the principal. This must be compared to an injury to a third party who might reach the principal because of the negligence of the independent contractor or his agents. It is the latter risk that is contemplated by the clause in issue in this case.

The majority cites a great many cases in support of the proposition that the causative factor between work done by an independent contractor and an injured party is of no legal significance. However well reasoned such cases may be when the question is how a court should construe ambiguous terms such as "arising from," "arising out of" or "restricted to," they are inapposite in the present case. The majority's focus on the words "respect to" in the contract is wholly misplaced. The case, as I see it, must turn on the court's evaluation of the risk which was covered by the policy. In my opinion, this risk was injury to third parties giving rise to vicarious liability on the part of the employer-principal. Reading the exception to the exclusion as I do, I must respectfully dissent from the conclusion of the majority. I would affirm the lower court's ruling.