[No. 4500-1-II.   Division Two.   January 18, 1983.]

KARL HERRMANN, *Appellant,* v. GRANGE INSURANCE
ASSOCIATION, *Respondent.*

*Charles Herrmann,* for appellant.

*Wayne Murray, Jr.,* for respondent.

PETRIE, J.—Plaintiff, Karl Herrmann, appeals a summary judgment dismissing his amended complaint against defendant, Grange Insurance Association, and denying his own motion for summary judgment. He had sought income continuation benefits under an automobile personal injury protection (P.I.P.) endorsement to an automobile insurance policy issued to him as named insured by defendant. We reverse.

Herrmann was seriously injured in a head–on collision while driving a vehicle not owned by him but which was insured by Unigard Insurance Group. His affidavit in support of his motion averred a loss of income in excess of $26,000 for the year following the collision. The Unigard and Grange policies provide identical personal injury protection endorsements.

The endorsement provides benefits for *loss and expense* incurred because of bodily injury caused by accident and arising out of the ownership, maintenance or use of an automobile:

    (a)  medical and hospital benefits to or on behalf of each injured person;

    (b)  income continuation benefits to or on behalf of each injured person who at the time of the accident was usually engaged in a remunerative occupation;

    (c)  loss of services benefits to each named insured who sustains bodily injury caused by accident while occupying, or while a pedestrian through being struck by, an automobile.

Another paragraph lists "exclusions," in part as follows:

This insurance does not apply:

    (h)  to income continuation benefits to any injured per-

son while occupying, or as a pedestrian through being struck by, a vehicle insured for AUTOMOBILE PERSONAL INJURY PROTECTION, which is either not owned by the named insured or is a temporary substitute automobile.

In the present case, Unigard paid Herrmann loss of income benefits to the extent of its policy limits, $10,400. The automobile used in the accident was owned by the insured named in the Unigard policy; thus income continuation benefits were not excluded under Unigard's exclusions clause. Herrmann was covered as an "injured person" as he was using the insured automobile with the permission of the named insured. Unigard, therefore, provided Herrmann primary coverage for income continuation benefits.

Herrmann agrees that primary coverage is excluded under his Grange policy for income continuation benefits because he was in a nonowned auto, excluded under (h) of the exceptions clause. But he contends that an "other insurance" provision restored a limited, secondary excess coverage under that fact pattern where the loss of income exceeds the policy limits of liability of the "other insurance." Grange does not challenge, through any countering affidavit, Herrmann's assertion that his loss of income for the year following the collision exceeded $26,000. Grange does not agree, however, that the "other insurance" provision adds secondary coverage for income continuation benefits.

If a clause in an insurance policy is ambiguous, the court must apply a meaning and construction most favorable to the insured, even though the insurer may have intended another meaning. *Morgan v. Prudential Ins. Co. of Am.*, 86 Wn.2d 432, 435, 545 P.2d 1193 (1976). This long–standing rule applies with added force in construing exceptions and limitations to the policy's coverage. *Shotwell v. Transamerica Title Ins. Co.*, 91 Wn.2d 161, 588 P.2d 208 (1978). In the present case, because we find the language in the "other insurance" clause is ambiguous, we apply the construction most favorable to the insured.

The "other insurance" clause provides:

> If there is other automobile medical payments coverage for *medical and hospital expenses* otherwise covered by this endorsement, the Company shall not be liable under this endorsement for a greater proportion of *such expenses* than the applicable limits of liability stated herein bear to the total applicable limits of liability of all such other valid and collectible coverage; *provided, however, with respect to losses* resulting from an accident while occupying, or as a pedestrian through being struck by, a temporary substitute or non–owned automobile, *this insurance shall be excess insurance over any other valid and collectible automobile medical payments or Personal Injury Protection insurance.*

(Italics ours.)

We note initially that the event referred to in the proviso is the same event which is set forth in exclusion (h), which excluded income continuation benefits. It seems reasonable, therefore, to assume that the proviso is meant to modify exclusion (h). Grange contends, however, that the entire "other insurance" clause refers solely to medical and hospital expenses. Close examination of the clause does not clearly support that contention. The meaning of "this insurance" in the "other insurance" clause is unclear. Grange argues the last antecedent rule as set forth in *Davis v. Gibbs,* 39 Wn.2d 481, 236 P.2d 545 (1951) is controlling. The last antecedent is the last word or phrase which can be made an antecedent without impairing the meaning of the sentence. *Davis v. Gibbs,* 39 Wn.2d at 483. Grange also relies on *Ames v. Baker,* 68 Wn.2d 713, 415 P.2d 74 (1966). The defendant in *Ames* also took the position there was no ambiguity in the insurance policy at issue because modifying clauses generally modify the nearer antecedent. *Ames v. Baker,* 68 Wn.2d at 716. Applying the last antecedent rule here, Grange argues, "this insurance" in the "other insurance" clause refers back to "automobile medical payments coverage for medical and hospital expenses" in the first part of the clause. The effect of the proviso, therefore, would only be to provide medical coverage as excess insur-

ance when the insured is in a nonowned automobile.

■ Although Grange relies on *Ames,* that court did not find the last antecedent rule dispositive. *Ames* found the rule "but one of a series of interpretative guides" and not "ipso facto to be controlling." *Ames v. Baker,* 68 Wn.2d at 716. Similarly, we do not find the rule dispositive because a contrary intent also reasonably appears in the policy. *Davis v. Gibbs, supra.*

■ The phrase "this insurance" is used in both the exclusions provisions and the limits of liability provision. In both cases "this insurance" clearly refers to more than medical and hospital expenses. Insurance contracts should be interpreted in light of the actual language used and with respect to the policy as a whole, not in terms of isolated segments. *Shotwell v. Transamerica Title Ins. Co., supra.* The contract here is an "Automobile Personal Injury Protection Endorsement." For that reason, and because the expression "this insurance" as used in other provisions of the endorsement refers to this personal injury protection, a reasonable conclusion is that any reference to "this insurance" refers to all types of coverage embraced by the entire endorsement.

Interpreting "this insurance" to mean this P.I.P. insurance either means P.I.P. as defined in the first section of the policy, which includes income continuation benefits, or as first defined and then limited by the exclusions section. As limited, P.I.P. coverage does not provide income continuation benefits for an injured person while occupying a nonowned automobile. If Grange intended the latter meaning, or that "this insurance" refers only to medical expense coverage, the company has the duty to indicate that meaning by clear and unequivocal language. *Retherford v. Kama,* 52 Hawaii 91, 470 P.2d 517 (1970).

The proviso, however, begins: "[W]ith respect to losses," indicating a different "other insurance" condition for *losses* than for the medical and hospital *expenses* referred to in the first portion of the clause. The words losses and expenses are not synonymous. As used in this context it is

reasonable to conclude that an *expense* is a debt incurred by reason of an event; a *loss* is a failure to obtain that which otherwise would have been obtained but for the event. The first section of the P.I.P. endorsement states, "The Company will provide the following benefits for loss and expense incurred because of bodily injury . . ." Although not specifically defined as such, expenses incurred arguably include coverage for the medical and hospital benefits, and losses incurred include coverage for lost income and loss of services. If the losses in the proviso of the "other insurance" clause are intended to apply only to the medical and hospital expenses referred to in the first portion of the clause, the switch to the word "loss" seems unnecessarily awkward. To say the least, the intent is needlessly obscured.

■ Furthermore, if the "other insurance" clause is intended only, as Grange asserts, to provide pro rata automobile medical payment coverage for medical expenses where the injured person is using an *owned* car insured by another carrier and excess automobile medical payments coverage for medical expenses when the injured person is using a *nonowned* vehicle, the reference to "Personal Injury Protection" at the end of the proviso appears to be superfluous. That presents another potential ambiguity. *Puget Sound Nat'l Bank v. St. Paul Fire & Marine Ins. Co.,* 32 Wn. App. 32, 645 P.2d 1122, *review denied,* 97 Wn.2d 1036 (1982). In order to avoid this superfluity, Grange asks us to consider the word "loss" as synonymous with the word "expense" and, in that portion of the proviso which states "with respect to losses," to insert the word "medical" so as to have the proviso begin with the words, "with respect to *medical* losses." With that understanding, Grange would explain the inclusion of the words, "Personal Injury Protection" at the end of the proviso to assure that when an injured person sustains a medical loss while using a nonowned vehicle, Grange's coverage under its P.I.P. endorsement is excess over any other automobile medical payments coverage whether those expenses are provided for in the

"other" policy under so–called regular automobile medical payments coverage or through P.I.P. endorsement. Conceivably, that too might be a reasonable explanation of the intent of the policy.

Grange appears to have an alternative position—not presented in its brief, but argued at trial level and alluded to in oral argument here. That contention is that if the proviso clause is interpreted to embrace more than medical expenses, then that additional coverage must refer to "loss of services benefits" covered under benefits clause (c). But loss of services benefits are payable only to "each *named insured* who sustained bodily injury caused by accident while occupying, or while a pedestrian through being struck by, an automobile." (Italics ours.)

Thus, at best, Herrmann's loss of services benefits, if he had any, would be payable by Grange as "excess" after Unigard paid such benefits. But Unigard's policy was identical to Grange's. Hence, Herrmann would not likely be a "named insured" under Unigard's policy or any other P.I.P. policy. Accordingly, Unigard or any other insurer would have no duty to pay Herrmann any loss of services benefits, and Grange's "excess" responsibility would revert to a primary duty to pay such losses. In that event the proviso would be meaningless.

Our point of departure from Grange's overall position is that two contradictory interpretations might arguably be sustained when the endorsement is applied to the fact pattern here presented. In that case, we are obliged to, and we do, accept that interpretation which favors the insured.

Judgment reversed with direction to grant Herrmann's motion for summary judgment.

PETRICH, C.J., and WORSWICK, J., concur.