[Civ. No. 19485. First Dist., Div. Two. Mar. 21, 1961.]

PACIFIC INDEMNITY COMPANY (a Corporation), Appellant, v. CALIFORNIA STATE AUTOMOBILE ASSOCIATION et al., Respondents.

Robert M. Cole for Appellant.

Pelton, Gunther, Durney & Gudmundson and Harold Albert Stone for Respondents.

SHOEMAKER, J.—This is an appeal by plaintiff Pacific Indemnity Company (hereinafter referred to as Pacific) from a judgment of dismissal entered upon sustaining without leave to amend the demurrer of defendants California State Automobile Association (hereinafter referred to as AAA) and Lyle Sale, to plaintiff's second amended complaint.

Appellant's complaint alleges that on December 26, 1951, an automobile owned by the county of Glenn and driven by Deputy Sheriff Lyle Sale and carrying Sheriff Hal Singleton as a passenger during the course and scope of their employment by the said county, was involved in an accident, as a result of which Sheriff Singleton was killed. The heirs of Sheriff Singleton brought an action for his wrongful death against Sale and recovered a judgment in the sum of $46,700.

On the date of the accident there was in full force and effect a contract of public liability insurance between appellant and Glenn County. The policy named as insured, employees and/or agents of Glenn County, and covered third persons injured as a result of negligence by an assured in the operation of motor vehicles. There were also in force three

contracts of insurance in the respective amounts of $25,000 between respondent Sale individually and respondent AAA, each of which covered Sale in his ownership of a particular and different automobile. These policies also insured Sale in his operation of other vehicles, subject to certain conditions and limitations stated in said policies. Both the policy between appellant Pacific and Glenn County and the policies between AAA and Sale contained ''pro rata clauses'' with regard to other insurance. The Pacific policy provided that such insurance would be ''excess insurance'' over any valid and collectible insurance with respect to loss arising out of any *nonowned* automobile. The AAA policies provided that such insurance would be ''excess insurance'' over any other valid and collectible insurance with respect to temporary substitute automobiles or *other* automobiles.

AAA refused, at the request of Pacific, to join in the defense of Sale in the action brought by the heirs of Sheriff Singleton, and refused to contribute toward payment of the judgment recovered by them. Appellant's policy had a limit of $100,000 for one person, and it cost Pacific approximately $6,000 to defend the action.

The complaint is in three counts. The first count sets out the facts just referred to and seeks recovery from defendants of the amount paid by appellant to the judgment creditors plus the amount of expenses incurred in defending the action, or a total of $50,500, arrived at by adding the expenses to a settlement figure of $44,500. In establishment of its claim, appellant begins its argument by pointing out that where an employer pays damages as the result of an unauthorized negligent act of an employee, the employer has a right of action for reimbursement against the negligent employee (*Continental Cas. Co.* v. *Phoenix Constr. Co.* (1956), 46 Cal.2d 423, 428 [296 P.2d 801, 57 A.L.R.2d 914] ), and then asserts that by reason of the doctrine of *respondeat superior* it follows that the employee's liability to the injured party is primary, the employer's liability is secondary, and so respondent AAA should bear the financial burden of the defense and the judgment in the action brought by the heirs of the sheriff. Appellant's contention fails because its basic premise is without merit in two respects, (1) regardless of the doctrine of *respondeat superior,* respondent Sale was a named insured of appellant's policy as an employee of Glenn County, and (2) two recent California cases clearly set out the rule that the *owner's* policy, under

provisions such as we have recounted, is primary and its issuer must bear the whole loss for a driver's negligence within the limits of its policy; *Firemen's Ins. Co.* v. *Continental Cas. Co.* (1959), 170 Cal.App.2d 698, 705 [339 P.2d 602]; and *American Automobile Ins. Co.* v. *Republic Indemnity Co.* (1959), 52 Cal.2d 507, 512 [341 P.2d 675], wherein it is said:

"Where 'other insurance' clauses of this type appear in the automobile liability policies of both the driver and the owner, the cases have generally given effect to the excess provision in the policy of the driver and have held that the insurer of the owner is primarily liable and must bear the whole loss, within the limits of its policy. (*Pleasant Valley etc. Assn.* v. *Cal-Farm Ins. Co.*, 142 Cal.App.2d 126, 136 [298 P.2d 109]; *General Insurance Co.* v. *Western Fire & Casualty Co.*, 241 F.2d 289, 295; *Farm Bureau Mut. Auto. Ins. Co.* v. *Preferred Acc. Ins. Co.*, 78 F.Supp. 561, 565; *Citizens Casualty Co. of N. Y.* v. *Allied Mutual Ins. Co.*, 217 Md. 494 [144 A.2d 73].)

"These cases are based on the reasoning that the policy of the owner is other insurance within the meaning of the excess provision of the driver's policy and that therefore this provision is effective; they do not consider the driver's policy as other insurance within the meaning of the prorate provision of the owner's policy and accordingly treat the prorate provision as not operative. Although this reasoning has been referred to as circular, depending on which policy one happens to read first (see *Oregon Auto. Ins. Co.* v. *United States Fidelity & Guar. Co.*, 195 F.2d 958, 960), we have concluded that the result reached in the cases cited above is correct."

The appellant attempts to distinguish the present case from those just cited on the ground that the owner was a party defendant in each of those cases, whereas Glenn County was not a named defendant in the wrongful death action. It is to be noted that neither the American nor the Firemen's Insurance case qualifies the rule therein recited upon the basis that the owner was a defendant. Further, in the Pleasant Valley case, cited with approval in *American Automobile Ins. Co.* v. *Republic Indemnity Co.*, *supra*, it was held that the owner's policy bore the primary liability, even though the owner was not a party to the action by the injured party.

▮ The appellant's claim that it is entitled to recover its expenses incurred in the defense of the action finds no

support in the law, for it is well settled that where two insurance companies insure the same risk and the policies provide for furnishing the insured with a defense, neither company can require contribution from the other for the expenses of the defense where one denies liability and refuses to defend. (*Financial Indem. Co.* v. *Colonial Ins. Co.* (1955), 132 Cal. App.2d 207, 210 [281 P.2d 883].) It has been stated that the duty to defend is personal to both insurers; thus neither is entitled to divide that duty with the other. It follows from the foregoing discussion that the appellant must bear the entire loss, and that no cause of action is stated against the respondents under the first count of the complaint.

The second count incorporates all of the allegations of the first count, but seeks the recovery from the respondent AAA of the sum of $21,642.86, an amount calculated on the basis of the percentage which the total face value of the policies issued by AAA bears to the face value of the policy issued by Pacific. This alleged cause of action is likewise governed by the law discussed with regard to appellant's first count. In addition, appellant may not have contribution here on a pro rata basis, for having satisfied the judgment, the instant case is subject to the rule that where two insurance companies cover a risk of loss with "pro rata insurance," neither company may be forced to pay more than its share. If it does, the excess payment is purely voluntary and contribution cannot be claimed from the other. (*Fidelity etc. Co.* v. *Fireman's Fund Indem. Co.* (1940), 38 Cal.App.2d 1, 6 [100 P.2d 364].) The appellant having no enforceable right to contribution, the second count does not state a cause of action.

The third count, based upon the same facts as the earlier counts, is put in the form of a common count for indebtedness of $50,500. Where a plaintiff relies on the same facts to plead both a specific count and a common count, the latter is vulnerable to the same attack as the former. (*Sutton* v. *Walt Disney Productions* (1953), 118 Cal.App.2d 598, 603 [258 P.2d 519].)

The sustaining of the demurrer without leave to amend was proper.

The judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 16, 1961.