The **TRAVELERS INDEMNITY COMPA-
NY, a corporation, Plaintiff,**

v.

The **FIRESTONE TIRE & RUBBER COM-
PANY, a corporation, Defendant.**

Civ. A. No. 7512–73.

United States District Court,
S. D. Alabama, S. D.

July 17, 1973.

William H. Hardie, Jr., Mobile, Ala.,
for plaintiff.

T. E. Twitty, and John N. Leach, Jr.,
Mobile, Ala., for defendant.

## ORDER ON MOTION TO DISMISS

PITTMAN, Chief Judge.

The plaintiff, The Travelers Indemni-
ty Company (hereinafter, Travelers),
filed this action against the defendant,
The Firestone Tire and Rubber Company
(hereinafter, Firestone), seeking to re-
cover indemnification for the expenses
of defending an intermediate seller in
a products liability case against Fire-
stone and the intermediate seller. The
defendant has moved the court to dis-
miss the complaint for failure to state
a claim upon which relief can be grant-
ed.

The plaintiff's insured, Gene White
Company, was a defendant in two civil
actions in this court brought against
White, Firestone, and others. Both of
these actions sought damages for in-
juries allegedly caused by a defective
fuel cell. The fuel cell was allegedly
manufactured by Firestone and then
sold to White. It was allegedly sold
by White to a retail outlet that ultimate-
ly sold it to the plaintiff in one of the
actions. Travelers alleges that it pro-
vided White with a defense of claims
made in these civil actions pursuant to
a policy of insurance and that a verdict
was directed in favor of the defendant
White in one case and the other civil
action was dismissed against it by the
plaintiff. The complaint then alleges
that the plaintiff incurred expenses in
defense of these two civil actions and
demands judgment against Firestone.

Simply stated, the issue is whether an insurer of an intermediate seller can recover the costs of defending the intermediate seller from the manufacturer where there has been no determination of ultimate liability to the injured party and no determination of primary liability as between the manufacturer and intermediate seller. The qustion is one of first impression in Alabama. Under the Erie doctrine, in the absence of a state court ruling, a federal court sitting in a diversity of jurisdiction case has a duty to determine what a state court would hold and apply that determination to the case. Meredith v. City of Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943); Daily v. Parker, 152 F.2d 174 (7th Cir. 1945); Wright, Federal Courts § 58.

The general rule on indemnity in tort cases is set out in 42 C.J.S. Indemnity § 21, which states in part:

> It is a well-recognized rule that an implied contract of indemnity arises in favor of a person who without any fault on his part is exposed to liability and compelled to pay damages on account of the negligence or tortious act of another, the former having a right of action against the latter for indemnity. . . . This right of indemnity is based on the principle that every one is responsible for his own negligence, and if another person has been compelled by the *judgment of a court* having jurisdiction to pay the damages which ought to have been paid by the wrongdoer they may be recovered from him. (Emphasis added.)

This general rule sets out three prerequisites to a right of recovery: (1) that the indemnitee be without fault, (2) that the indemnitor be the party responsible, or primarily liable, and (3) that the indemnitee has been required to pay out money by a judgment of a court. This three prong test is essentially the same as the elements of a common law action for indemnity, which are summarized in Restatement, Restitution, § 76:

A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct.

In the case sub judice there is no allegation that the subject fuel cell was in fact defective and that there was any liability to the injured parties. There is also no allegation that as between the manufacturer and the intermediate seller that the manufacturer was primarily liable. Thus, there is no allegation that two of the three necessary prerequisites to recovery are present.

In Merck & Company v. Knox Glass, Inc., 328 F.Supp. 374 (E.D.Pa.1971), the court considered a similar fact situation. In *Merck*, a products liability suit was instituted against Merck, the intermediate seller. Merck notified the manufacturer, Knox, but Knox declined to assume the defense. A jury verdict was returned in favor of Merck. Merck then brought suit against Knox to recover the costs of defending the initial suit. In holding that Knox was not liable for Merck's expenses in defending the suit, the court stated:

> However, I can find no sound or just reason in law or equity; nor any logical, practical or public policy reason why an alleged manufacturer should be required to indemnify an intermediate seller until and unless the intermediate seller is determined to be liable, and the product is determined to have been defectively designed and/or manufactured.

Id. at 378.

In United States Fire Insurance Co. v. Chrysler Motors Corp., 505 P.2d 1137 (Or.1973), the court also dealt with a similar fact situation. In this case the intermediate seller and the manufacturer were co-defendants in the products liability case. The case was settled before trial. The intermediate seller's insured then sued the manufacturer to recover

the costs of defending the original suit. In holding that the insurer could not recover, the court said:

> As applied to this case the rule means simply that [the insurer] can recover only by pleading and proving that both [the intermediate seller] and [the manufacturer] were liable to [the injured party] and that, as between [the manufacturer] and [the intermediate seller], [the manufacturer] ought to pay.

Id. at 1139–1140.

In the instant case there is no allegation that either White or Firestone were liable in the product liability suits. There is no allegation that as between White and Firestone that Firestone was liable. Therefore, the complaint does not state a claim upon which relief can be granted.

Because the motion to dismiss must be granted, the defendant's motion for summary judgment is hereby rendered moot.