372 So.2d 960 (1979)
ARGONAUT INSURANCE COMPANY, Appellant,
v.
MARYLAND CASUALTY COMPANY, Yosemite Insurance Company, and Foremost Insurance Company, Appellees.
Nos. 78-1849, 78-2242.
District Court of Appeal of Florida, Third District.
June 19, 1979.
Rehearing Denied July 23, 1979.
*961 Howard E. Barwick and James V. Johnstone, Miami Shores, for appellant.
Dixon, Dixon, Hurst, Nicklaus & Webb and Mitchell L. Lundeen, Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Miami, Knecht & Holland, Coral Gables, for appellees.
Before PEARSON, HENDRY and BARKDULL, JJ.
BARKDULL, Judge.
Appellant seeks to recover attorney's fees from the appellees and other costs which it *962 incurred in defense of its insured, Watsco, Inc., in a prior law suit.[1]
Appellant alleges that it can subrogate against the appellees because they also had liability insurance covering Watsco with pro rata other insurance clauses. In the complaint, the appellant specifically alleged that appellees and appellant, under their respective policies with Watsco, each had an independent duty to defend Watsco for property damage and liability.[2] Watsco is not a party in the case at bar.
Appellant's policy of insurance with Watsco provides, in part, as follows:
"I. LIABILITY COVERAGE ... The company shall have the right and duty to defend any suit against the insured seeking damages ... and make such investigation and settlement of any claim or suit as it deems expedient ...
"III. SUPPLEMENTARY PAYMENTS  The company will pay, in addition to the applicable limits of liability: all expenses incurred by the company, all costs taxed against the insured in any suit defended by the company and all interest on the entire amount of any judgment ..."
In the recent case of Lehman-Eastern v. Brooks, 370 So.2d 14 (Fla.3d DCA 1979), this court said:
.....
"... If an automobile liability insurer assumes the defense of an insured and enters into settlement agreement with knowledge of facts taking the accident or injury outside the coverage of the policy and without disclaiming liability or reserving its right to deny liability or coverage, such insurer is thereafter precluded from denying liability. See U.S. Fidelity & Guar. Co. v. Snite, 106 Fla. 702, 143 So. 615 (1932), 18 A Fla.Jur. Insurance § 815 (1971), and cf. Pacific Indem. Co. v. California State Auto. Ass'n, 190 Cal. App.2d 293, 12 Cal. Rptr. 20 (1961). The record in the instant case is unclear as to whether the insurance carriers made any agreement (oral or written) between themselves with respect to the preservation of the liability issue upon contributing to the settlement with the plaintiff. This material issue being unresolved, summary judgment is precluded thereby."
.....
There is no allegation that, when contributing to settlement of the case, the appellees agreed to let appellant file suit against them for attorney's fees and costs.
The appellees filed motions to dismiss, which are paraphrased as follows:
1. Plaintiff (Appellant) fails to state a cause of action against the Defendant (Appellee) in that plaintiff specifically states in paragraph 6 of its Complaint that plaintiff had an independent duty to defend Watsco.
2. Plaintiff fails to state a cause of action against the defendant in that plaintiff fails to attach any subrogation or indemnification agreement between defendant and Watsco, and further plaintiff fails to sufficiently allege subrogation or indemnification rights herein.

3. Plaintiff fails to state a cause of action against defendant in that plaintiff fails to allege any costs, fees, or damages in fact incurred by Watsco as the basis for plaintiff's alleged subrogation rights against all defendants.
The trial court granted the motions to dismiss[3] and entered a final judgment against the appellant and in favor of the appellees. *963 As a matter of law, the trial court found that appellant was not entitled to recover contribution and subrogation from the appellee-insurers, pursuant to the allegations in the complaint. From this final judgment, appellant has filed this appeal. We affirm.
The trial court correctly found that appellant did not state a valid cause of action for subrogation against the appellees for attorney's fees and other costs. These expenses were incurred by appellant in defense of its insured (Watsco) pursuant to its policy of insurance. There is no relationship between appellant and appellees, other than the fact that appellant and appellees had separate contracts of liability insurance with Watsco, with pro rata other insurance clauses and standard defense obligations in each policy. There is no contractual relationship between appellant and appellees.
The appellant and appellees each have a standard defense clause in their respective policies of insurance with Watsco:
"The company shall have the right and duty to defend any suit against its insured seeking damages ... and make any investigation and settlement of any claim or suit as it deems expedient."
Pursuant to this contractual obligation, appellant incurred attorney's fees and other costs while fulfilling its contractual duty to defend its insured (Watsco).
The duty of each insurer to defend its insured is personal and cannot inure to the benefit of another insurer. Thurston National Insurance Company v. Zurich Insurance Company, 296 F. Supp. 619 (W.D. Okl. 1968). Contribution is not allowed between insurers for expenses incurred in defense of a mutual insured. United States Fidelity & Guaranty Company v. Tri-State Ins. Company, 285 F.2d 579 (10th Cir.1960); Fidelity & Casualty Company of New York v. Ohio Casualty Insurance Company, 482 P.2d 924 (Okl. 1971); Westchester Fire Insurance Company v. Rhoades, 405 S.W.2d 812 (Tex.Civ.App. 1966).
.....
"While the fact that here both companies in their policies agree to defend the assured bears some analogy to the situation where both companies have agreed to indemnify the assured against a total loss, nevertheless the agreement to defend is not only completely independent of and severable from the indemnity provision of the policy, but is completely different. Indemnity contemplates merely the payment of money. The agreement to defend contemplates the rendering of services. The insurer must investigate, and conduct defense, and may if it deems it expedient, negotiate and make a settlement of the suit. These matters each insurer is required to do regardless of what the other insurer is doing. While both may join together in the services and share expenses, there is no requirement that they do so. Conceivably, one might disagree with the other as to the strategy of the investigation and defense. It could act independently of the other. Thus the relationship is more that of co-insurer than cosurety. As to the assured, neither one is excused to any extent from its full duty to defend, no matter what the other does. The duty to defend is personal to the particular insurer. It is not entitled to divide that duty with or require contribution from the other."
.....
Financial Indemnity Company v. Colonial Insurance Company, 132 Cal. App.2d 207, 281 P.2d 883 (Cal.1st DCA 1955).
In Brayman v. Northwestern Mutual Insurance Company, 381 F. Supp. 362 (D.C. Colo. 1974), one insurance carrier sued another for contribution for attorney's fees and other costs, incurred when it provided the sole defense for their mutual insured. The court held that the duty to defend the mutual insured as personal to each insurer and the contractual obligation was several. Therefore, the court did not require contribution or indemnification between the insurers, absent a specific and contractual right.
An insurer's obligation to defend its insured is contractual and does not arise *964 from common law. Allstar Insurance Corp. v. Steel Bar, Inc., 324 F. Supp. 160 (N.D.Ind. 1971); Grain Dealers Mutual Insurance Company v. Hardware Dealers Mutual Fire Insurance Company, 196 So.2d 650 (La. App. 1967).
This court has recognized the personal nature of the duty to defend between an insured and an insurer. In Aetna Casualty & Surety Company v. Market Insurance Company, 296 So.2d 555 (Fla.3d DCA 1974), the driver of a rental vehicle struck a pedestrian. The driver's insurance carrier (Aetna) refused to defend its insured by claiming that it had excess coverage over the rental car owner's insurance coverage (Market). Market settled with the pedestrian and then sued Aetna for contribution to the settlement. Market lost its claim on a primary-excess issue. In this cited case, it is important to note that this court, on ruling on the coverage issue, stated:
.....
"The fact that Aetna did not provide legal services for its insured, Mrs. Morse, is an issue between Aetna and Mrs. Morse ..."
.....
The appellant urges that as a matter of public policy it should have a cause of action. It reasons that subrogation should be allowed between insurers to discourage defaults on contractual agreements to defend. This argument must fail. If an insurance company refuses to defend or provide contractual coverage to its insured, then it may expose its policy limits to a third party and faces a breach of contract suit with other statutory remedies (e.g., Section 627.421(1), Florida Statutes) by the insured. An insured is adequately protected when its insurer breaches its contract. Further, third parties are protected for required liability coverage by public policy pursuant to established law. All necessary remedies and protection to the proper parties are available to enforce all necessary rights.
Watsco did not incur attorney's fees and other costs; the appellant did. Although Section 627.428(1), Florida Statutes (1971) deals with recovery of attorney's fees in a direct action, it was held, in Central Mutual Insurance Company v. Michigan Mutual Liability Company, 285 So.2d 684 (Fla.3d DCA 1973), that contribution between two insurance carriers was not allowed since Section 627.428(1), Florida Statutes (1971) did not specifically provide for it. Furthermore, it would be against the public policy and legislative intent of the State of Florida to allow Argonaut to collect contribution on these costs. Section 627.428(1), Florida Statutes (1971) provides for the award of attorney's fees upon rendition of a judgment against an insurer and in favor of the insured. This statute was promulgated to protect an insured from an insurer's non-compliance with the duty to defend, American National Insurance Company v. de Cardenas, 181 So.2d 359 (Fla.3d DCA 1965), and is to be strictly construed. Main v. Benjamin Foster Co., 141 Fla. 91, 192 So. 602 (1939). The Legislature has not seen fit to allow contribution for costs or attorney's fees between insurance companies. If contribution for costs were allowed between insurance companies, there would be multiple claims and law suits. The insurance companies would have no incentive to settle and protect the interest of the insured, since another law suit would be forthcoming to resolve the coverage dispute between the insurance companies. This is contrary to public policy, particularly since the insured has been afforded legal protection and has not had to personally pay any attorney's fees.
In Fireman's Fund Insurance Co. v. North Carolina Farm Bureau Mutual Insurance Co., 269 N.C. 358, 152 S.E.2d 513 (1967), the court held:
.....
"The attorneys employed to defend such suit were selected by the company and looked to it for their compensation. At no time did Jerry Denning have any liability to the attorneys. He made no payment to them. He, therefore, never had a right of recovery, against any person or organization, because of fees paid to these attorneys. Consequently, the subrogation *965 provisions of the policies issued to him by the plaintiffs have no application, since they provide only that the issuing company will be subrogated `to all the insured's right of recovery' for any payment made by the company."
.....
Even if the appellant were subrogated to the insured's rights, under Section 627.428, Florida Statutes (1971) appellant still may not collect contribution. The earlier case was settled and no judgment was entered. In American Home Assurance Company v. Keller Industries, Inc., 347 So.2d 767 (Fla.3d DCA 1977), cert. denied 360 So.2d 1249 (Fla. 1978), this court held that because the statute is to be strictly construed a judgment is required, and not even the insured may collect attorney's fees.
The appellant has no right of subrogation, as the subrogation clause in its policy only allows the appellant rights to recover payments made by appellant on behalf of the insured.
"This company may require from the insured an assignment of all rights of recovery against any party for loss to the extent that payment therefor is made by this company."
No obligation was incurred by the appellant in the prior litigation to make any payment on behalf of its insured (Watsco) to any other party for attorney's fees and costs. Equity should not provide a subrogation remedy to appellant in the absence of any other rights of recovery. The appellant merely acted pursuant to its contractual relationship to Watsco. Appellant's duty, pursuant to that relationship, would defeat equitable subrogation in this cause. See: Travelers Insurance Company v. Tallahassee Bank and Trust Company, 133 So.2d 463 (Fla. 1st DCA 1961).
This case fails to compel the application of subrogation on a contractual, quasi-contractual, or equitable basis. Appellant has not paid a loss on behalf of Watsco; it has merely incurred attorney's fees and costs in fulfilling its contractual duty.
The judgment under review is affirmed.
Affirmed.
NOTES
[1] The main case was settled with the appellees making nominal contributions to the settlement.
[2] Generally, when there are multiple insurers, if either the plaintiff or an insurance company thinks more than one policy applies, it will bring the other carriers into the suit. In the original suit, Argonaut was representing Watsco and filing pleadings in the name of Watsco, and could have filed a third-party complaint for declaratory judgment against the other insurers to determine the duty to defend and/or coverage.
[3] One ruling on motion to dismiss was appealed by Case No. 78-1849, but was consolidated with the appeal from the final judgment.