425 So.2d 1158 (1983)
LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant,
v.
FOREMOST INSURANCE COMPANY, Appellee.
No. 81-1810.
District Court of Appeal of Florida, Third District.
January 4, 1983.
Rehearing Denied February 15, 1983.
*1159 Pyszka & Kessler and Phillip D. Blackmon, Miami, for appellant.
Harold C. Knecht, Jr. and David Crowley, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
PER CURIAM.
Subsequent to our opinion reported as Argonaut Ins. Co. v. Maryland Casualty Company, 372 So.2d 960 (Fla. 3rd DCA 1979), Lumbermens Mutual Casualty Company, an additional insurance carrier for Watsco, Inc., filed a complaint against Foremost Insurance Company seeking recovery of the amount paid in settlement and attorneys fees and costs incurred in the settlement of the plaintiff's claim in the original lawsuit brought by Heat Exchange Inc., against Watsco, Inc.[1]
The original complaint was dismissed for failure to state a cause of action and an amended complaint was likewise dismissed for failure to state a cause of action.
An appeal from this ultimate final order of dismissal of the amended complaint[2] is now before us. We affirm.
Lumbermens, in negotiating and settling the claim against their insured, failed to obtain from Foremost an identifiable agreement, either oral or written, preserving a cause of action against Foremost for either indemnity, contribution and/or equitable subrogation and, by its failure to *1160 do so, it has waived any claim thereto. Lehman-Eastern Auto Rentals, Inc. v. Brooks, 370 So.2d 14 (Fla. 3d DCA 1979). Furthermore, under the doctrine of equitable subrogation, Lumbermens could only recover that amount it paid on behalf of a judgment rendered against its insured. General Accident Fire & Life Assurance Corporation, Ltd. v. American Casualty Company of Reading, Pa., 390 So.2d 761 (Fla. 3d DCA 1980); Ranger Insurance Company v. Travelers Indemnity Company, 389 So.2d 272 (Fla. 1st DCA 1980). No such judgment was ever entered. Thus Lumbermens is left to a cause of action sounding in bad faith. The amended complaint, filed herein, fails to allege specifically those ultimate facts which would support such an action. See & compare: General Accident Fire & Life Assurance Corporation, Ltd. v. American Casualty Company of Reading, Pa., supra; Ranger Insurance Company v. Travelers Indemnity Company, supra. As to the attorneys fees and costs Lumbermens seeks to recover herein, we find they are fees and costs incurred by Lumbermens on its own behalf and were not those rendered on behalf of its insured. Under the holding of Argonaut Insurance Company v. Maryland Casualty Company, 372 So.2d 960 (Fla. 3d DCA 1979), these fees and cost cannot be recovered from Foremost.
Therefore, the final order here under review be and the same is hereby affirmed.
Affirmed.
SCHWARTZ, Chief Judge (dissenting).
Since I believe that the amended complaint stated a cause of action in equitable subrogation, see Rebozo v. Royal Indemnity Co., 369 So.2d 644 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 209 (Fla. 1979); American Home Assurance Co. v. City of Opa Locka, 368 So.2d 416 (Fla. 3d DCA 1979), I respectfully dissent.
NOTES
[1] Neither Lumbermens nor Foremost were named as parties defendant in this original action by Heat Exchange v. Watsco.
[2] Lumbermens attempted to file a second amended complaint but, this was stricken for failure to comply with the applicable rules of civil procedure and we find no error. Fla.R. Civ.P. 1.190(a).