603 So.2d 961 (1992)
ALLSTATE INSURANCE COMPANY,
v.
AMERISURE INSURANCE COMPANIES.
1910681.
Supreme Court of Alabama.
August 7, 1992.
*962 Michael B. Beers of Beers, Anderson, Jackson and Smith, P.C., Montgomery, for appellant.
Ronald G. Davenport of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, for appellee.
ALMON, Justice.
Allstate Insurance Company appeals from a judgment awarding $38,200 to Amerisure Insurance Companies on Amerisure's claim that it was entitled to indemnity or equitable subrogation.
The facts giving rise to Amerisure's claim begin with the facts stated in Amerisure Ins. Cos. v. Allstate Ins. Co., 582 So.2d 1100 (Ala.1991), the first appeal in this case. Those facts are as follows:
"On October 5, 1988, the insured, Morris Sherrill, was driving his pickup truck and towing a trailer owned by his employer, Wadsworth Contractors, Inc. (hereinafter referred to as `Wadsworth'). The trailer was specially manufactured by Wadsworth to haul PVC pipe to and from job sites, and attached to the trailer was an Alabama license plate with the prefix `TR.' Sherrill was driving on a public road when the trailer came unhitched from the vehicle and struck the vehicle of Fred Demo. It is undisputed that at the time of the accident, Sherrill was towing the trailer to a job site on behalf of his employer, Wadsworth, and that Wadsworth compensated Sherrill for the business-related use of his pickup truck.
"Sherrill's insurer, Allstate ... settled with Demo and paid him for his property damage claim against Sherrill by paying him $4,369.71 on March 6, 1989, and $223.60 on May 3, 1989. Allstate then sent Sherrill a reservation of rights letter on July 28, 1989. On August 7, 1989, Demo sued Wadsworth and Sherrill, alleging negligence and wantonness and seeking damages for his personal injuries. Allstate then filed a complaint against Wadsworth's insurer, Amerisure... seeking a judgment declaring that it had no obligation to defend or indemnify Sherrill in Demo's personal injury suit.
"Amerisure answered Allstate's complaint, admitting that it had primary coverage for Wadsworth but stating that any coverage for Sherrill was secondary and excess to Allstate's coverage for Sherrill. Amerisure also averred that Allstate had waived any defenses and was estopped from denying Sherrill a defense or denying him coverage because Allstate had already made payment to Demo for his property damage. On September 13, 1990, the trial court entered a summary judgment in favor of Allstate, holding that Allstate owed no coverage to Sherrill with regard to this accident. Amerisure appealed."
Amerisure Ins. Cos., 582 So.2d at 1101.
On May 30, 1991, while Amerisure's appeal was pending, Amerisure settled Demo's claims against Sherrill, Wadsworth, and Amerisure. Amerisure paid $37,500 to Demo, and Demo released Sherrill, Wadsworth, and Amerisure and agreed to the dismissal with prejudice of his personal injury action arising out of the October 5, 1988, collision. Amerisure did not file any notice to inform this Court of the settlement.
On June 21, 1991, this Court released its opinion in Amerisure Ins. Cos. v. Allstate, supra, holding that "the trailer is necessarily covered by Allstate's policy," 582 So.2d at 1102, and reversing the judgment in favor of Allstate. The Court did not, however, express any opinion as to whether Allstate's or Amerisure's policy provided the primary coverage for this accident.
On remand, Amerisure filed a counterclaim against Allstate. The counterclaim alleged that Amerisure had paid Sherrill's obligation to Demo, and that, as primary *963 insurer, Allstate was legally obligated to pay Sherrill's obligation to Demo. For these reasons, Amerisure argued that it was legally and equitably entitled to reimbursement from Allstate. Allstate filed a motion to strike the counterclaim, and the trial court initially granted that motion. Amerisure filed a motion to reconsider that order, however, and the trial court granted Amerisure's motion, reinstating the counterclaim. Amerisure then filed a motion for summary judgment, and Allstate filed a cross-motion for summary judgment. The trial court denied Allstate's motion for summary judgment and entered a summary judgment for Amerisure. Allstate appeals.
Allstate argues that Amerisure failed to prove that it was entitled to recovery under the theory of an implied contract of indemnity, citing Travelers Indemnity Co. v. Firestone Tire & Rubber Co., 360 F.Supp. 1328 (S.D.Ala.1973). In Travelers Indemnity, the federal district court predicted that this Court would apply the following rules and reasoning in an insurer's attempt to recover from a codefendant:
"The general rule on indemnity in tort cases is set out in 42 C.J.S. Indemnity § 21, which states in part:
"`It is a well-recognized rule that an implied contract of indemnity arises in favor of a person who without any fault on his part is exposed to liability and compelled to pay damages on account of the negligence or tortious act of another, the former having a right of action against the latter for indemnity.... This right of indemnity is based on the principle that everyone is responsible for his own negligence, and if another has been compelled by the judgment of a court having jurisdiction to pay the damages which ought to have been paid by the wrongdoer they may be recovered from him.' (Emphasis added [in Travelers Indemnity].)
"This general rule sets out three prerequisites to a right of recovery: (1) that the indemnitee be without fault, (2) that the indemnitor be the party responsible, or primarily liable, and (3) that the indemnitee has been required to pay out money by a judgment of a court. This three-prong test is essentially the same as the elements of a common law action for indemnity, which are summarized in Restatement, Restitution, § 76:
"`A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct.'"
Travelers Indemnity Co., 360 F.Supp. at 1329 (second emphasis added).
Allstate also cites Lumbermens Mut. Cas. Co. v. Foremost Ins. Co., 425 So.2d 1158 (Fla.Dist.Ct.App.1983), as being "strikingly similar to the present case" and as supporting a reversal in this case:
"Lumbermens, in negotiating and settling the claim against their insured, failed to obtain from Foremost an identifiable agreement, either oral or written, preserving a cause of action against Foremost for either indemnity, contribution and/or equitable subrogation, and by its failure to do so, it has waived any claim thereto.... Furthermore, under the doctrine of equitable subrogation, Lumbermens could only recover that amount it paid on behalf of a judgment rendered against its insured.... No such judgment was ever entered."
425 So.2d at 1159-60 (citations omitted).
Amerisure responds with the argument that it did not act voluntarily, but under its contractual obligation to act prudently in providing Sherrill a defense after Allstate had declined to do so. It cites 42 C.J.S. Indemnity § 24 (1991), which states: "Generally, to recover under an indemnity agreement, the settling indemnitee need only show potential liability to the original plaintiff, and the reasonableness of the settlement between himself and the original plaintiff, and that it was made in good faith." (Footnotes omitted.) Amerisure also cites GAB Business Services, Inc. v. Syndicate 627, 809 F.2d 755, 760 (11th *964 Cir.1987), and Burke v. Ripp, 619 F.2d 354 (5th Cir.1980), for the proposition that proof of actual liability, i.e. a final judgment, is not required where the indemnitee informs the indemnitor of a proposed settlement and the indemnitor fails to object.
Even assuming that the circumstances and the relations of the parties could give rise to an implied contract of indemnification between Allstate and Amerisure after this Court's holding in the first appeal, no such implied contract could have existed at the time of the settlement and before this Court's reversal. At the time Amerisure informed Allstate of the proposed settlement, Allstate was not an indemnitor, but, rather, Allstate had a declaratory judgment from the trial court holding that it was not obligated to provide coverage. Amerisure's pending appeal sought a reversal of Allstate's declaratory judgment and a rendition of a judgment holding that Allstate's policy provided primary coverage applying before any coverage under Amerisure's policy.
If Amerisure wanted to preserve its right to seek indemnification for the settlement in the event of such a reversal of Allstate's judgment, it could have done any one of several things. First, it could have notified Allstate that it intended, in the event of a reversal by this Court, to seek indemnification, and requested approval of the settlement by Allstate under that condition. Second, it could have requested a continuance of the trial of Demo's action against Wadsworth and Sherrill. Amerisure contends that it entered into the settlement on May 30 because of the pending June 12 trial date. Third, Amerisure could have requested a stay of Demo's action during the pendency of its appeal in the declaratory judgment action.
Amerisure did give notice to Allstate of the proposed settlement, but Amerisure did not give Allstate notice that it would attempt to hold Allstate liable under the settlement. Allstate had originally provided a defense to Sherrill in Demo's action against him. The attorney retained by Allstate for that defense gave the following affidavit in this action after remand:
"During the course of the Demo case, I was aware that a Declaratory Judgment Action on the issue of insurance coverage for Mr. Sherrill was pending as well. During the course of the Declaratory Judgment Action, Summary Judgment was entered on behalf of Allstate Insurance Company and it was determined that Amerisure had primary coverage for the claims against Mr. Sherrill. From that point forward, other than attending one doctor's deposition on behalf of Mr. Sherrill, my firm did not participate in Mr. Sherrill's defense of the underlying case.
"When the underlying case settled, a Release for Mr. Sherrill to sign was sent to me to review (attached hereto as Exhibit `1'). The undersigned provided a copy of the Release to counsel representing Allstate in the Declaratory Judgment action to review and approve before executing same to make sure their interest was not being prejudiced by the settlement. The Release fully discharged Mr. Sherrill, and therefore it was in his best interest to sign it. At the time the Release was sent to me, the appeal of the summary judgment in the Declaratory Judgment action was still pending in the Supreme Court.
"Furthermore, the settlement released Wadsworth Contracting, Inc., a co-defendant and joint tortfeasor. It was my understanding that the payment made by Amerisure, was on behalf of both Mr. Sherrill, an employee of Wadsworth Contracting and Wadsworth. Furthermore, at no time was Allstate asked to contribute to the settlement."

(Emphasis added.) Although Allstate's attorneys reviewed the release and settlement agreement "to make sure their interest was not being prejudiced," nothing on the face of it purported to bind Allstate in any way and there is no indication that any cover letter or oral communications by Amerisure gave any such notice to Allstate either. Allstate was clearly reviewing the settlement principally to determine whether "it was in [Sherrill's] best interest to sign it," and also to make sure that the settlement did not purport to affect Allstate's *965 rights that were at issue in the appeal of the declaratory judgment action (it did not). Under these circumstances, Allstate cannot now be bound under this release by an "implied contract of indemnification."
We do not mean to imply that Amerisure did anything wrong in settling Demo's action against Wadsworth and Sherrill. On the contrary, it is the policy of the law to encourage settlements. Large v. Hayes, 534 So.2d 1101 (Ala. 1988); Maddox v. Druid City Hospital Bd., 357 So.2d 974 (Ala.1978). The point is that Amerisure, in settling with Demo, did not preserve its right to proceed against Allstate either by giving Allstate notice of such an intent or by postponing the settlement until after this Court had ruled in its appeal from Allstate's declaratory judgment.
We note that Allstate filed with its complaint for a declaratory judgment a motion for a stay of Demo's underlying negligence action against Wadsworth and Sherrill, and it subsequently filed a motion to have Demo's action consolidated with the declaratory judgment action. The trial court did not rule on the motion for stay, but it did order the negligence action transferred to the docket of the judge to whom the declaratory judgment action was assigned. In entering a summary judgment declaring that Allstate's policy did not provide coverage for the accident with Demo, the trial court noted that the negligence action remained pending. Amerisure did not take any similar actions with respect to its appeal from the declaratory judgment. The trial court's willingness to decide the coverage question first indicates that it might well have granted a continuance of the trial or even a complete stay of Demo's action, but there is no indication that Amerisure sought such relief. Amerisure did not ask this Court for a stay of Demo's action pending the appeal. See Rule 8, Ala.R.App.P. Given that this Court released its opinion on June 21, this Court would likely have granted a stay of the June 12 trial date if the trial court had denied one. Amerisure did not attempt to preserve its rights in any of these ways. Instead, it entered into a settlement that, it now contends, should be binding upon Allstate.[1]
Similar to the situation in the present case are the cases involving an insured's attempt to settle with an underinsured motorist-defendant while retaining the right to proceed against the insured's own underinsured motorist insurance carrier. For example, in Brantley v. State Farm Mut. Auto. Ins. Co., 586 So.2d 184 (Ala.1991), Brantley was a passenger in an automobile driven by Taylor. The automobile was involved in an accident with an automobile driven by Brown. Brantley settled his claim against Brown for the limits of Brown's automobile insurance policy. Subsequently, Brantley informed Taylor's automobile insurance carrier, State Farm, that he had settled for the limits of the policy and demanded payment according to the underinsured motorist provision of Taylor's automobile insurance policy. State Farm did not pay the claim, and Brantley sued. The trial court denied Brantley's requested relief.
On appeal, this Court reviewed Brantley's notice to State Farm that he had settled with Brown and that he intended to make a claim under the underinsured motorist provisions of Taylor's State Farm policy. The Court stated: "Lambert v. State Farm Mutual Automobile Insurance Co., [576 So.2d 160 (Ala.1991) ], clearly established that, before any settlement was final, reasonable notice must have been given." Brantley, 586 So.2d at 187. Reasonable notice satisfies one of the primary concerns involved in litigation of underinsured motorist claims: "`that of protecting the right of the [underinsured motorist insurance carrier] to know of, and participate in, the suit.'" Lambert v. State Farm Mutual Automobile Insurance Co., 576 So.2d at 168 (quoting Lowe v. *966 Nationwide Ins. Co., 521 So.2d 1309, 1309 (Ala.1988); alterations in Lambert).
Although these cases involve underinsured motorist insurance contracts and carriers, they illustrate the importance of reasonable notice of proposed settlements with reasonable notice of the intent to reserve a right to pursue further claims subsequent to a settlement and the importance of an insurance company's right to participate in the underlying action. Amerisure's presentation of its settlement agreement to Allstate does not amount to reasonable notice of Amerisure's intent to proceed against Allstate for reimbursement and will not sustain the trial court's judgment. The record is devoid of any notice that Amerisure intended to pursue a claim for reimbursement against Allstate. Amerisure's settlement agreement included the release of Allstate's insured from all liability, but did not mention Amerisure's claim for reimbursement in the event that Allstate's declaratory judgment was reversed. It would be unjust, and possibly a violation of due process, to subject Allstate to the terms of a settlement to which it did not consent, at least not with any view toward its own liability, even if it implicitly consented on behalf of its insured. Amerisure settled at a time when there was a declaratory judgment holding that Allstate's policy did not provide coverage for this accident. Amerisure effectively mooted its appeal by settling as it did without attempting to preserve its right to proceed against Allstate on the settlement.
Amerisure also argues that its "claim against Allstate is in the nature of equitable subrogation." Under this doctrine, it is well established that the party claiming entitlement to subrogation "steps into the shoes" of the party allegedly responsible for the obligations paid. International Underwriters/Brokers, Inc. v. Liao, 548 So.2d 163 (Ala.1989); American Cyanamid Co. v. United States Fidelity & Guar. Co., 459 So.2d 851 (Ala.1984). Amerisure argued to the trial court that it paid Sherrill's debt and, therefore, "stands in Sherrill's shoes" in seeking reimbursement of the money that it paid to settle Demo's claims. This argument is generally due to be rejected for the same reasons as the "implied contract of indemnification" argument, as well as for the following reason. Sherrill's policy with Allstate includes the following prohibition of the insured's voluntary and unilateral settlements or payments: "[Allstate] can't be obligated by you voluntarily making any payments or taking other actions except as specified in this policy." Because Sherrill could not recover from Allstate any payments that he might make voluntarily, neither can Amerisure. Lady Corinne Trawlers v. Zurich Ins. Co., 507 So.2d 915, 918 (Ala.1987) ("`[t]he right to the insurer's subrogation is dependent upon its liability to [the insured], which in turn is dependent upon [the tort-feasor's] liability to [the insured]' " (quoting Barnes v. Tarver, 360 So.2d 953, 956 (Ala.1978); alterations in Lady Corinne Trawlers, supra)).
Accordingly, the summary judgment in Amerisure's favor must be reversed. The cause is remanded for entry of a judgment in Allstate's favor.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
NOTES
[1] Amerisure's attorney in the declaratory judgment action and on this appeal is not the attorney who settled Demo's claim. In fact, the attorney who settled the other action is in a different firm, so it appears that Amerisure's failure to preserve any rights it may have had against Allstate might be a result, at least in part, of its employment in this matter of counsel from two different firms.