949 So.2d 320 (2007)
EVANSTON INSURANCE COMPANY, a foreign corporation, Appellant,
v.
ADVANCED TRANSPORTATION SOLUTIONS, LLC., a Florida limited liability corporation, Super Nice Cab Corp., a Florida corporation, d/b/a Super Nice Limousine, Robert Spring, individually, and Terry Spring, individually, and Arch Insurance Company, a foreign corporation, Appellees.
No. 3D06-1290.
District Court of Appeal of Florida, Third District.
February 21, 2007.
*321 Clinton D. Flagg, Miami, and Carol A. Fenello, for appellant.
Kubicki Draper and Maria Kayanan, Miami, for appellees.
Before RAMIREZ, SUAREZ, and LAGOA, JJ.
RAMIREZ, J.
Evanston Insurance Company appeals the denial of its motion for final summary judgment and the entry of summary judgment in favor of appellee Arch Insurance Company, underlying which there is a dispute over the defense of Super Nice Cab Corporation, a mutual insured of Evanston and Arch. Evanston also appeals the denial of its attorney's fee contribution from Arch for that defense. We affirm because Evanston and Arch entered into an agreement that did not reserve either carrier's right to pursue any remedies, including the contribution for attorney's fees, against each other.
Robert and Terry Spring filed a personal injury suit against appellee Advanced Transportation Solutions, LLC., and Super Nice Cab Corporation, a subsidiary of Advanced Transportation Solutions, LLC., seeking damages for injuries sustained during Robert Spring's use of Super Nice's medical transport services. Super Nice had "Business Auto Coverage" with Arch and "Specified Medical Professional" and "Specified General Liability" coverage with Evanston.
The record reflects that the parties attended mediation on March 14, 2006. At mediation, the Springs settled their claims for a sum of $600,000.00. Arch agreed to pay the Springs $300,000.00, Evanston agreed to pay $225,000.00, and Hartford Insurance Company agreed to pay $75,000.00.
The parties signed a General Release, Hold Harmless and Indemnity Agreement in which they agreed not to litigate against each other. The Release provided as follows:
It is expressly understood and agreed that the acceptance of said consideration is in compromise of disputed claims, and that this General Release is not an admission of liability or negligence on the part of the released parties, but is made for the purposes of terminating the above-referenced dispute and preclude any litigation between the parties.
(emphasis added).
Evanston argues, among other arguments raised on appeal which we decline to address, that it is entitled to recover from Arch the attorney's fees incurred in the defense of Super Nice. We disagree.
Evanston waived its right to seek any contributions for attorney's fees from Arch when it entered into the Release Agreement without preserving its right to do so. See Lumbermens Mut. Cas. Co. v. Foremost Ins. Co., 425 So.2d 1158, 1159 (Fla. 3d DCA 1983). In that case, Lumbermens filed a complaint against another carrier, Foremost Insurance Company, seeking to recover the amount it paid in settlement, attorney's fees, and costs incurred in the settlement of the plaintiff's claim in the original lawsuit. Id. at 1159-60. This court held that Lumbermens had waived its claim through their failure to preserve a cause of action against the other carrier for either indemnity, contribution and/or equitable subrogation through an identifiable agreement, either oral or written. Id. In this case, there is no such agreement that preserves any cause of action, either oral or written. See also Lehman-Eastern Auto Rentals, Inc. v. Brooks, 370 So.2d 14 (Fla. 3d DCA 1979)(where this court precluded the entry of summary judgment where the record was unclear as *322 to whether the insurance carriers made any agreement, either oral or written, with respect to the preservation of the liability issue upon contributing to the settlement with the plaintiff).
Furthermore, Evanston had every opportunity to create such an agreement, particularly since Evanston was a participant at mediation during the negotiation and settlement of the Springs' complaint. If we were to conclude that Evanston indeed is entitled to recover an attorney's fee contribution from Arch, this would be contrary to the express and unambiguous language of the Release Agreement which unequivocally precludes "any litigation between the parties." See Walgreen Co. v. Habitat Dev. Corp., 655 So.2d 164, 165 (Fla. 3d DCA 1995)("When a contract is clear and unambiguous, the court is not at liberty to give the contract `any meaning beyond that expressed.'").
We thus find no need to address the remaining arguments on appeal. Accordingly, we affirm the trial court's orders in their entirety.
Affirmed.